## Sellers, Appellant, v. Myers.

*Will—Construction—Gift to husband—Power to consume—Limitation on fee.*

1. Where a testatrix gives her husband her real and personal property with the exception of certain household effects and directs that "after the death of my husband if there be eney estate left or personal property left, I want the won halfe to go to my perense if living, if not living, to go to my nices and nephews," the husband takes a one-half

interest in the real estate in fee, but no interest in the other half which he could dispose of by will.

2. The word "want" in such a will is to be treated as a mandatory and not a precatory expression.

Argued Nov. 12, 1913.   Appeal, No. 215, Oct. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., May T., 1913, No. 36, for plaintiff on case stated in suit of Mary C. Sellers v. John H. Myers.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Case stated to determine marketable title to real estate.

LANDIS, P. J., filed the following opinion:

Under the terms of the case stated it appears that Mary E. Wolfe, being possessed of a house and lot of ground located in the borough of Columbia, in this county, died on December 22, 1909.   She left a will, the material part of which reads as follows: "I make and bequeath unto my husband, Matthew S. Wolfe, all my personal property, and real estate, except the following named articles, ½ dozen of silver spoons, a pear of butter nifess, bedding, teaset of dishes, jewlry and clothing, and some fancy work of mine to my niese May Bucher doter of my brother Joseph Bucher.   After the death of my husband Matthew S. Wolfe if there be eney real estate left or personal property left, I want the won halfe to go to my perense if living, if not living to go to my nices and nephews."   The parents of Mrs. Wolfe died before her, and her husband, Matthew S. Wolfe, died on April 8, 1913.   The real estate above mentioned was at that time unconverted and was unincumbered.   Mary E. Wolfe left surviving her a brother, Joseph Bucher, and a sister, Alice Williams.   She also left six nephews, one of whom is a son of Alice Williams, and the other five are the sons of Joseph Bucher.   She also left a niece, Mary Bucher Heiland, a daughter of

Joseph Bucher. All of these are now living. Matthew S. Wolfe left a will, in which he devised and bequeathed all his property, real and personal, to his sister, Mary C. Sellers. She now claims thereunder the above mentioned real estate, and has entered into a written agreement with John H. Myers, the defendant, for its sale, for the sum of $1,000. Myers, however, has refused to take the same and pay the purchase money, for the reason that he claims that Mary C. Sellers has not a fee simple title in the property. It is agreed that, if we find that Mary C. Sellers is seized in fee simple of the said house and lot, then judgment shall be entered in her favor and against the defendant for the sum of $1,000; or, if we are of opinion that she is seized of the one-half of the same, then judgment shall be entered in her favor and against the defendant for the sum of $500; but, if we are of opinion that she has no interest in the said house and lot, then judgment shall be entered in favor of the defendant.

We are of the opinion that the question as to whether or not the plaintiff has an entire fee simple title in this land is conclusively ruled by the recent case of Fassitt v. Seip, 240 Pa. 406. There the testator provided that "all the residue and remainder of my estate, real, personal and mixed, . . . . not otherwise herein, or hereby disposed of, I give, devise and bequeath unto my said wife to have, use and enjoy the same, in like manner as I myself could do if living." In the next clause, he provided that "whatever of my said estate, that may remain unexpended after the decease of my said wife, I direct to be divided into two equal parts or shares." One share he gave to his son for life, and after his death to his children, and the other share to his daughter. It was held that the gift to the wife was a life estate only, with power to consume, and that she could not, by will, dispose of any estate derived under her husband's will remaining at his death. Mr. Justice ELKIN, in discussing the proposition, said: "Prior to the Act of April 8,

1833, P. L. 249, a devise did not carry a fee unless it contained words of inheritance or other words showing an intention that a fee should pass. The act of 1833 changed the rule of construction by providing that the whole estate of the testator devised should pass even if the devise did not contain words of inheritance or of perpetuity, unless it appear by a devise over, or by words of limitation, or otherwise, 'that the testator intended to devise a less estate.' In the present case there are no words of inheritance or of perpetuity, and if it were not for the act of 1833, no one would seriously contend that the wife took an absolute estate. It remains to be determined whether, by reason of the act of 1833, she took a fee simple title. It is expressly provided in this act that, where the intention of the testator to devise a less estate clearly appears, such intention must prevail as against the statutory rule that the whole estate passes, although there be no words of inheritance or of perpetuity. A devise over and words of limitation are evidence of an intention not to devise the whole estate, and the intention to devise a less estate may 'otherwise' appear. It is so provided in the act itself. In the will under consideration there is a devise over and there are other provisions clearly indicating that the testator had in contemplation an 'unexpended' balance of his estate at the death of his wife. He directed to whom this unexpended balance should go and how it should be enjoyed. He intended that his wife should have every use and enjoyment of his residuary estate that he himself had while living. If necessary for her comfort and maintenance, she could have consumed and expended all of it, and for these purposes could have conveyed a fee simple title to a bona fide purchaser. But this she did not do. She died in possession of the properties and undertook to dispose of them by her will. We, therefore, agree with the conclusion reached by the learned court below that the properties in question are a part of the unexpended remainder of the

estate of her husband and passed under his will to the devisees named therein. Not having consumed the residuary estate of her husband in her lifetime, the wife could not dispose of it by will. These conclusions find ample support in the following cases: Henninger v. Henninger, 202 Pa. 207; Kennedy v. Pittsburg, etc., R. R. Co., 216 Pa. 575; Allen v. Hirlinger, 219 Pa. 56; Briggs v. Caldwell, 236 Pa. 369." Again, in Dickinson's Est., 209 Pa. 59, it was held that "a devise of an estate with power to convert and consume, but with a gift over of an unconsumed part on the death of the first taker, carries with it only the power of actual consumption in good faith." There a wife devised and bequeathed the whole residue of her estate to her husband absolutely, and followed the absolute gift with these words: "Should my husband not expend the whole of my estate, then it is my desire, at his death, to give so much of it as remains to my sister and my two brothers." It was held that the administratrix of the wife, after the death of the husband, was entitled to the estate not consumed by the husband, and that it was immaterial that two judgments which were part of the wife's estate had been assigned and transferred by the husband as his wife's executor to himself individually. See, also, Montgomery's Est., 20 Pa. Dist. Rep. 564.

Following these cases, it would appear that the half of this real estate is, by the devise over of the real estate left, vested in the nieces and nephews of Mary E. Wolfe, the original owner. If this be so, the plaintiff could not convey the whole of the property in fee to the defendant, and she, under the terms of the case stated, is not entitled to recover the full amount of the purchase money stipulated for in the agreement.

The next question is, whether the other half passed to Matthew S. Wolfe in fee under his wife's will. As has been stated by Mr. Justice ELKIN, in Fassitt v. Seip, 240 Pa. 406, under sec. 9 of the Act of April 8, 1833, P. L. 249, all devises of real estate pass the whole estate

of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise in the will that the testator intended to devise a less estate. In this case, there are no words of limitation, nor is there any devise over, except as to the one-half of the real estate left in favor of the testatrix's nieces and nephews. In Snyder v. Baer, 144 Pa. 278, a testator devised certain real estate to his wife, "to have the sole control of the same during her lifetime, and at discretion she shall order my executor to sell the real estate . . . . and the moneys realized . . . . my executor shall pay over to my beloved wife, Anna, and she . . . . shall have power to dispose of the same by bequeath, or as she directs." Mr. Justice PAXSON, in delivering the opinion of the court, said: "We have here a childless testator who gives the sole interest in the land to his wife. We think the case comes within the ninth section of the act of April 8, 1833, which declares: 'All devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appears by a devise over, or by words of limitation or otherwise in the will, that the testator intended to devise a less estate.' The will of Michael Shaffer contains no devise over, nor do we find any express limitation of the estate to his wife for life only. I have not discussed the authorities. It is sufficient to refer to Morris v. Phaler, 1 Watts, 389; Musselman's Est., 39 Pa. 469; Second Ref. Pres. Church v. Disbrow, 52 Pa. 219; Grove's Est., 58 Pa. 429." See, also, Feuerstein v. Bertels, 221 Pa. 425. Many other cases of like import might be cited.

We, therefore, conclude that Matthew S. Wolfe took an estate in fee under the act of assembly in the one-half of his wife's real estate. If this construction is incorrect, there would be an intestacy as to this half, and, as was held in Boies's Est., 177 Pa. 190, "a will

must be so construed as to avoid partial intestacy, unless the contrary is unavoidable." We are of the opinion that, under the terms of the case stated, judgment should be entered in favor of the plaintiff and against the defendant for the sum of $500.

Judgment for plaintiff.

*Error assigned* was the judgment of the court.

*John E. Snyder*, with him *Melvin P. Miller*, for appellant.—The husband took a fee: Jauretche v. Proctor, 48 Pa. 466; Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219; Karker's App., 60 Pa. 141; Gillmer v. Daix, 141 Pa. 505; Rea v. Bell, 147 Pa. 118; Boyle v. Boyle, 152 Pa. 108; Coles v. Ayres, 156 Pa. 197; Evans v. Smith, 166 Pa. 625; Yost v. Ins. Co., 179 Pa. 381; Buchanan v. Eshleman, 13 Lanc. L. R. 89; Gilchrist v. Empfield, 194 Pa. 397; Hogg's Est., 27 Pa. Superior Ct. 428.

The recent case of Witmer v. Delone, 225 Pa. 450, is almost on all fours with the case at bar.

See also Moyer v. Rentschler, 231 Pa. 620.

*F. Lyman Windolph*, for appellee.—The word "want" is precatory: Pennock's Est., 20 Pa. 268; Burt v. Herron, 66 Pa. 400; Fox's App., 99 Pa. 382; Philadelphia's App., 112 Pa. 470; Oyster v. Knull, 137 Pa. 448.

OPINION BY RICE, P. J., February 20, 1914:

Where the testator gives the first taker the estate, or what is practically the same thing, the power to consume the whole, and yet manifests his expectation, if not his intention, that it shall not all be consumed, the question arises whether the will has limited the estate given, or has attempted to deprive the estate given of some of its essential legal properties. It is along this line of distinction that the many cases involving the construction of wills similar to the one in question must be classified: Allen v.

Hirlinger, 219 Pa. 56. It was said, in the same case, that while similar language has been differently construed in different wills, yet the difference has been in the application, not in the guiding principle. "The effort has uniformly been to discover the actual principal intent of the testator and where that has been clear there is no case in which it has been departed from." Applying this guiding principle in the present case, we are to seek the actual intent of the testatrix, not by treating the first clause of her will as paramount and controlling, but by considering all the clauses as a connected whole and by presuming, in the absence of anything in the will to give rise to a contrary presumption, that all of them were deemed by her necessary to express her full intent. We think it clear that her will, thus viewed, manifests an expectation on her part that the whole estate, realty and personalty being blended in the gift, might not be consumed by her husband in his lifetime, and also manifests an intention that what should be left after his death should go to certain other persons. That such construction of her will would involve no implication of intention on her part to deprive the estate given to him of any of its legal incidents, but would involve only a lawful limitation of the estate given, is so well shown in the opinion filed by the learned judge below, and in the cases cited and reviewed therein, that we do not deem it necessary to pursue the discussion of that precise question further. We shall only add a word as to the question whether the language of the second clause of the will is precatory or mandatory. If, in disposing of the one-half of the unconsumed part of the estate which should be left, she had said "I direct it to go," instead of "I want it to go," there would be no room for argument that the construction above stated is not the correct one. To that extent the case cited by the learned judge, Fassitt v. Seip, 240 Pa. 406, is conclusive. But the word "want" is often used in the common speech of people to command and to direct, and was doubtless used in that sense by the testatrix. It does not express a mere wish or

desire that her husband should dispose of the unconsumed part of the estate in a certain way, but is plainly expressive of her will and intention that it should go in a certain way; and, according to many authorities cited in the appellee's brief, it is properly to be treated as a mandatory and not a precatory expression. For the foregoing reasons, taken in connection with the opinion of the learned judge of the common pleas, the judgment must be affirmed.

The judgment is affirmed.