## Davis's Estate.

*Decedents' estates—Wills—Construction—Devise of remainder with power to resume—Intention of testator.*

Where the testator devised the remainder of his estate to his wife for the term of her natural life, with full power and authority to sell and use any part of it for her own use without being compelled to go into the orphans' court for permission to make such disposition, giving her full authority to make deeds, etc., for the property which she desired to sell, but subsequently made various provisions of his estate to take effect after the death of his wife, the language of the will must be held to contemplate a gift to the widow for life of the entire residue of the estate, with power to sell any portion of such residue, even to the extent of exhausting it. At most it must be held to be a gift in posse only, and not in esse, which would actually come into being only after subsequent and affirmative exercise by her of the power conferred upon her under the will.

*Decedents' estates—Inheritance taxes—Act of July 11, 1917. P. L. 832.*

When the intention of a testator, as deduced from the terms of his will, was to give to his wife an estate for life with a power to consume, an appraisement for the purposes of determining the direct inheritance tax due, should ascertain the value of such life estate. Under such circumstances the direct tax should only be paid on the life estate.

Argued Dec. 4, 1918. Appeal of Commonwealth of Pennsylvania, from decree of O. C. Schuylkill Co., General Docket, No. 9, p. 776, dismissing exceptions to decree of court sustaining appeal from the decision of the Register of Wills in the Estate of Thomas J. Davis, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

332, (1919).] Statement of Facts—Opinion of the Court.

Appeal from the register of wills of Schuylkill County assessing the entire Estate of Thomas J. Davis, deceased, as a fee, for the purpose of direct taxation under the Act of July 11, 1917, P. L. 832. Before WILHELM, P. J.

The register of wills, of Schuylkill Co., assessed the entire estate as a fee for the purpose of direct taxation under the Act of July 11, 1917, P. L. 832; the executrix took an appeal to the orphans' court, which entered a decree upholding the appeal and deciding that the widow took but a life estate and that the direct tax should be paid only upon such life estate. Commonwealth appealed.

*Error assigned* was the decree of the court sustaining the appeal.

*Arthur L. Shay,* for appellant.—The estate was liable for a tax under the Direct Inheritance Tax Act of July 11, 1917, P. L. 832.

A devise with the power to give a fee passed an estate in fee: Brown's Est., 38 Pa. 289; Church v. Disbrow, 52 Pa. 219; Huber v. Hamilton, 211 Pa. 289; Hoxie v. Chamberlain, 228 Pa. 31; Trust Co. v. Bobloshki, 228 Pa. 52.

*John W. Clemens,* for appellee, cited: Tyson's Est., 191 Pa. 218; Gross v. Strominger, 178 Pa. 64; Seigworth's Est., 61 Pa. Superior Ct. 235.

OPINION BY HEAD, J., July 17, 1919:

In and by the fifth paragraph of his will the testator provided as follows: "I give, devise and bequeath to my wife......all the rest and remainder of my estate...... for the term of her natural life with full power and authority to sell or use any part of my estate for her own individual benefit or for any purpose whatever as she shall think proper without being compelled to go into the orphans' court for permission to sell or use the same, and

she shall have the right to give a deed in fee simple therefor just the same as I could do if I were living." In the seventh paragraph he gave to his son Thomas "after the death of my wife" the sum of fifteen thousand dollars. In the eighth he devised to the same son "after my wife's death, if not already disposed of by her," certain real estate. In the ninth he gave "the half of the remainder of my estate that is left after the death of my wife, &c.," to the Schuylkill Trust Company, in trust, to pay over the net income from the same to his daughter. And in the tenth he gave "the other half of the remainder of my estate that is left after the death of my wife" to another trust company, in trust, to pay over the net income thereof to the same daughter during her life, after which the entire estate, in both trusts, was to go to the children of said daughter in fee.

Under the provisions of that will, did the wife become immediately vested with the entire estate, both personalty and realty, absolutely and in fee, or did she take but an estate for life with the added power, by her own subsequent election and action, to convert such life estate into an estate absolute and in fee? If we keep firmly in mind the 'proposition that artificial canons of construction have no place in the consideration of a will that fairly manifests the intent of the testator, our difficulty in determining the question before us will be greatly lessened, if indeed it does not entirely vanish. It seems we cannot too often recall the cases in which our Supreme Court has plainly and forcibly stated the continuous operation of the principal referred to. In Tyson's Est., 191 Pa. 218, Mr. Justice MITCHELL, after citing many cases wherein the proper functions of canons of construction have been accurately portrayed, declares: "This court has in numerous cases pointedly indicated its determination to restore or preserve the cardinal rule as to intention in its original and proper prominence, and to let every will stand on its own terms as every contract has always been construed to do." Looking then at the

language of the testator in the present case, it appears to us his actual personal intent was first of all to make adequate provision for his wife who was certainly the first object of his bounty. The manner in which he chose to do this is no less clear than the intent itself. His first supposition certainly was that the use or income of all of his property would be adequate to satisfy her wants. Not wishing, however, to subject her status to the possible danger of investment losses or changing conditions that might affect her income, he reposed in her discretionary power and authority to consume and use what we may call the principal of the estate, even to exhaustion, if she elected so to do.

Now if we lay aside for the moment the consideration of any artificial canons of construction, which are only to be called to the aid of the court to discover the intent of the testator in otherwise doubtful cases, and if we look solely to the language of the will, we can find nothing therein to suggest to the mind, even of the intelligent layman, that it was the intent of the testator to transmit to his wife unconditionally the entire and absolute ownership of all of his property by the mere operation of the will itself without subsequent and affirmative action by her. In Tyson's Estate, supra, the court was considering the effect of a clause in a will which we think is not distinguishable in substance from the one now under consideration. In what better language could we express our judgment as to the meaning of the will here in controversy than to adopt that used by Mr. Justice MITCHELL as follows: "But looked at by itself to ascertain this individual testator's intent, it is perfectly clear that he did not mean to give the whole without restriction. On the contrary, his intention was to give her so much, and only so much, though possibly amounting to the whole, as should be necessary for her own comfort and enjoyment of life, and the residue, be it much or little, was to pass under his will. This disposition of his estate violated no rule of law......The extent of the widow's con-

sumption of the estate was within her own control. Her decision was without appeal, but it must have been honestly reached......She had power to carry out his intentions by sale, transfer and consumption of the proceeds in such a way as to leave nothing at her death. ......The general rule deduced in these cases is undoubtedly that a bequest of personalty with power to consume is presumed to be an absolute gift. But as already said, this is not a rule of law but a rule of construction in aid of discovery of the testator's intent." It was accordingly held that such portion of the original estate of the testator as remained unconsumed at the death of the widow passed under the terms of his will, and was not the subject of testamentary disposition by her. In other words, the wife did not take, by the mere operation of the will, an absolute and fee simple estate in the property of the testator, although the power to consume was as ample in every dimension in that case as in the one before us.

So in Fassitt v. Seip, 240 Pa. 406, the same principle was applied by the court and the same line of reasoning followed in the opinion of Mr. Justice ELKIN. In that case it was very properly pointed out that the devise or bequest over by the testator following the death of his wife was scarcely compatible with the alleged intent of giving her an absolute gift. So in the present case we not only find the intent of the testator portrayed in the language of the provision in favor of his wife but again and unmistakably in the devise and bequest over to his children of such portion of his estate as had not been consumed by her during her lifetime. We are of opinion therefore that the widow of the testator primarily took an estate for life in the entire residue of his property with power to consume any portion of such residuum even to the extent of exhausting it. In no proper sense, however, can we predicate of such language that it created an absolute gift of the personalty and an estate in fee in the realty. At the most it was such gift in posse only,

332, (1919).]          Opinion of the Court.

not in esse, and would actually come into being only after subsequent and affirmative exercise by her of the power conferred upon her under the will. If this conclusion be correct, then the disposition of this case made by the learned orphans' court was the proper one and should not be disturbed. It cannot be of the first importance in reaching our conclusion that the exchequer of the Commonwealth would be benefited were we to reach a different one. With few limitations the power of the State to tax is illimitable but it has declared in the language of the statute upon what the tax is to be levied where a life estate intervenes between the ownership of the testator in his lifetime and that of the persons who are to be ultimately the objects of his bounty. This disposes of the main and indeed the only question presented for our consideration in the present appeal. We have no concern at this time with any question as to the proper person to give the security, if any, required by the statute for the payment of taxes that might accrue later on.

The appeal is dismissed at the costs of the appellant.