## In re Estate of Anne Ferguson.

*Wills—Interpretation—Gift for life with power to consume—Devise over—Unconsumed portion.*

A testator devised as follows:

"In lieu of all other bequests to any persons mentioned I give and devise my estate, real and personal, to my wife, Anna Ferguson, and my son, Frank Ferguson, share and share alike after the death of my wife and her funeral and other necessary expenses have been paid, I give and devise to son, Frank Ferguson, or his heirs, the remainder, if any her share remains."

The testator was survived by his wife and son mentioned in the will. Subsequently his wife died, having made a will wherein she sought to devise that portion of the estate inherited from her husband, and which she had not consumed, in a manner contrary to the testator's intention.

*Held:* That the testator's son Frank was entitled to the remainder of the unconsumed portion devised to his mother.

Argued April 13, 1921. Appeal, No. 89, April T., 1921, by Harry K. Miller, from decree of the O. C. Indiana County, June T., 1919, No. 20, dismissing exceptions to auditor's report in the case of In re Estate of Anne Ferguson, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to auditor's report. Before LANGHAM, P. J.

The facts are stated in the opinion of the Superior Court.

On exceptions to the auditor's report the court sustained the exceptions as regards the widow's exemption and modified the report in the following opinion which was, in part, as follows:

Exceptions 4 and 5 of the "Additional" exceptions are sustained so far as the $300 exemption claimed by the widow of Albert Ferguson is concerned. We think the

auditor would not have been warranted by allowing $500 to the legal representatives of Anne Ferguson for the reason that her legal representatives could not claim after her death more exemption than she claimed and had set aside to her in her lifetime. Albert Ferguson died August 12, 1917, and Anne Ferguson, widow, died March 25, 1919. She had nineteen months and upwards in which to claim the full $500 exemption to which she was entitled under the Act of June 7, 1917, but she did not do it. She only claimed $300, and we think her legal representatives cannot come in after her death and claim the balance amounting to $200. The other exceptions are dismissed.

In keeping with the foregoing opinion we must modify the distribution made by the auditor so far as it affects Frank Ferguson and the legal representatives of Anne Ferguson, deceased. The awards to the other claimants to remain as reported by the auditor.

### DISTRIBUTION AS MODIFIED BY THE COURT.

Balance now for distribution, ...............$3,376.74

Clair Longwell, Register and Recorder, addi-
tional fee for recording report as modified,..    3.74

To the legal representatives of Anne Ferguson,
deceased, ..................................    300.00

Balance to Frank Ferguson, as per provisions
of codicil of will of Albert Ferguson, de-
ceased, ...................................  3,073.00

And now, April 8, 1920, this case came on to be heard by argument of counsel on exceptions filed to the auditor's report, distributing the fund declared to be in the hands of L. S. W. Ray, executor of Anne Ferguson, deceased, and upon due consideration it is ordered and decreed that the executor, L. S. W. Ray, pay over the fund decreed to be in his hands in accord with the auditor's report, except that it is hereby directed that the legal representatives of Anne Ferguson, deceased, be paid the

sum of $300, and the balance of the fund less $3.74, additional fees for recording to wit, the sum of $3,073, be paid to Frank Ferguson. All exceptions inconsistent with this order and decree are dismissed, and an exception to this order and decree allowed exceptants.

Exceptant appealed.

*Error assigned* was the order of the court.

*William Banks,* and *Watson, Watson & Banks,* for appellant.

*Samuel Cunningham,* of *Cunningham & Fisher,* and with him *Peelor & Feit,* for appellee.

OPINION BY LINN, J., July 14, 1921:

This appeal requires us to determine what the testator Albert Ferguson meant by this codicil: "In lieu of all other bequests to any persons mentioned I give and devise my estate, real and personal, to my wife, Anna Ferguson, and my son, Frank Ferguson, share and share alike after the death of my wife and her funeral and other necessary expenses have been paid, I give and devise to son, Frank Ferguson, or his heirs, the remainder, if any her share remains."

Frank Ferguson was his son by Anna. She had been married before and also died testate, bequeathing the residue of her estate to her two children by her first marriage. One of those children, claiming under her will, now appeals from the order awarding to Frank Ferguson so much of the personalty in the hands of the executor of Anna Ferguson as she received by the codicil less sums not now controverted. No questions arise either about the amount or about distribution direct instead of through the estate of Albert Ferguson, the parties apparently desiring the matter disposed of on this record.

Appellant contends that Anna Ferguson took one-half of her husband's estate absolutely by the codicil. Ap-

pellee contends that his father's intention was that if
at his mother's death after the payment of "her funeral
and other necessary expenses" any part remained he
should take it.   The controlling rule was discussed in
Tyson's Est., 191 Pa. 218, where of a similar contention
the court said, ". . . . . .the court below held that by
the will. . . . . .the personalty passed to his widow ab-
solutely on the ground that a bequest of personalty with
power to consume, sell and dispose of carries an abso-
lute and unrestricted title to it.   That such is the gen-
eral rule cannot be disputed.   It is not however a rule of
law, but a rule of construction in aid of reaching the
intent of the testator, and where a different intent is
clear, the rule cannot be applied to defeat it."   What,
then, has Albert Ferguson expressed his intention to be?
His will was dated August 2, 1909.   In it he provided
that his widow should have the household furniture,
some live stock, and an income of $17 a month from his
estate during widowhood; he directed that at her death
her funeral expenses and debts should be paid out of his
estate and bequeathed the balance of the income to their
son Frank Ferguson, together with certain stock and
farming equipment; he provided that on the death of his
wife their son's share should be increased for life and
that on the death of the son, the son's son should take the
property charged with the payment of certain legacies;
Anna Ferguson's children by her first marriage were
not beneficiaries.   The codicil was made eight years
afterwards.   It cannot be denied that the will indicates
testator's intention to benefit his widow and their de-
scendants and not his widow and her children by the
former marriage.   Any doubt that the codicil states the
same intention is removed by the disposition over to
their son Frank of "the remainder if any her share re-
mains": Tyson's Est., supra; Roger's Est., 245 Pa. 206,
209; Huber's Est., 249 Pa. 90, 93; Sellers v. Myers, 56
Pa. Superior Ct. 207, 214; Davis's Est., 72 Pa. Superior

Ct. 332. The award complained of executes the expressed intention of the testator.

Though the matter does not seem to have been pressed at the argument, we find no abuse of discretion in refusing the motion to refer the matter back to the auditor for the cause specified.

The order is affirmed, the costs of this appeal to be paid by appellant.