## Hacker's Estate

*James N. Lightner*, for petitioner.

*John E. Malone*, for estate.

BURKHOLDER, P. J., December 20, 1937.—Jacob Hacker was declared a presumed decedent by this court January 28, 1937, and the legal presumption of his death was established as of July 30, 1925.

At the time of his disappearance he was married to Celesta Marie Hacker, and had two children, James Edward Hacker and Jacob Richard Hacker, both of whom were minors and of both of whom The Fulton National Bank of Lancaster, Pa., was appointed guardian.

Celesta Marie Hacker was divorced from Jacob H. Hacker September 19, 1927. She died June 4, 1934.

Jacob Richard Hacker died July 9, 1934, a minor, unmarried, and without issue, and James Edward Hacker, the only surviving member of this family, is a minor, having been born July 24, 1918.

Letters of administration on the estate of the presumed decedent were granted to Ada Steffy, and an adjudication of her administration account was filed by this court

October 18, 1937. No claim was presented by the Commonwealth for transfer inheritance tax and none was awarded in the adjudication.

On November 3, 1937, a petition was presented by counsel for the Commonwealth praying the court to open the adjudication for the purpose of permitting the presentation of a claim for transfer inheritance tax on the estate of the presumed decedent. A rule was granted, and in due course the audit was opened November 18, 1937, and a claim presented by counsel for the Commonwealth asking for the award of $92.20 as transfer inheritance tax on the estate of Jacob H. Hacker, the presumed decedent. This claim was not objected to by counsel for the administratrix.

The claim for transfer inheritance tax on a presumed decedent's estate must be based upon the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, and its amendments, 72 PS §2301. The essential part of this act so far as it relates to the taxation of estates is as follows:

"That a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases:

"(a) When the transfer is by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property while a resident of the Commonwealth, whether the property be situated within this Commonwealth or elsewhere."

The estate of a presumed decedent is disposed of in the orphans' court by section 6 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §378, subsection (h) of which is as follows:

"Before any distribution of the proceeds of the estate of such presumed decedent, the persons, other than creditors, entitled to receive the same, shall, respectively, give sufficient real or personal security, to be approved by the orphans' court having jurisdiction, in such sum and form

as the court shall direct, with condition that, if the said presumed decedent shall in fact be at the time alive, they will respectively refund the amounts received by each, on demand, with interest thereon. If any person or persons entitled to receive the same shall refuse or neglect, or be unable, to enter such security, the orphans' court may, upon petition of any person interested, and upon due notice to all persons interested, so far as such notice can reasonably be given, appoint a suitable person or corporation as trustee to receive and hold the share of the distributee refusing or neglecting, or being unable, to enter security as aforesaid, until the further order of the court; such trustee not to be an insurer of the trust fund, and to be liable to the person or persons interested therein only for such care, prudence, and diligence in the execution of the trust as other trustees are liable for. If the said court shall be satisfied, from the evidence adduced at the hearing to ascertain whether the presumption of death is established, or from the report of the master, that there is no likelihood of the presumed decedent's being alive, then the said court may, at its discretion, accept refunding bonds from the distributees of the presumed decedent's estate without requiring sureties thereon."

The adjudication filed October 18, 1937, found that the legal presumption of the death of Jacob H. Hacker was established as of July 30, 1925, and that his next of kin as of the date of the adjudication was James Edward Hacker, a minor, whose guardian was The Fulton National Bank of Lancaster, Pa. The award was "To the Fulton National Bank of Lancaster, Pa., guardian of James Edward Hacker, remainder, subject to it refunding to Jacob H. Hacker if he shall be in fact alive the amount received with interest thereon, $3306.67". No specific bond was required because the said bank is qualified to act in a fiduciary capacity and is not required to file such bond under the provisions of the Act of July 2, 1935, P. L. 521, sec. 1, 7 PS §819-1106.

Counsel for petitioner filed no brief and cited no cases in which an inheritance tax was awarded to the Commonwealth in estates of presumed decedent, and such has not been the custom in this county.

The power of the Commonwealth to levy taxes is almost limitless, but the legislature has not provided for taxing estates of presumed decedents, or even estates of absentees under the jurisdiction of the courts of common pleas, in the various collateral, direct, or transfer inheritance tax acts.

In Davis' Estate, 72 Pa. Superior Ct. 332, it was held that the transfer inheritance tax act had not provided for the taxing of that portion of a life estate consumed by the life beneficiary. Judge Head, in delivering the opinion of the court, said:

"It cannot be of the first importance in reaching our conclusion that the exchequer of the Commonwealth would be benefited were we to reach a different one. With few limitations the power of the State to tax is illimitable but it has declared in the language of the statute upon what the tax is to be levied".

Keeping in mind that the award in the adjudication was made to the only living next of kin of the presumed decedent as a conservator of his estate as to the personal property (decree of presumption of death vests title in real estate: Fiduciaries Act of 1917, supra, sec. 6(f)); we find that no estate has been transferred "by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property": Act of June 20, 1919, supra, sec. 1(a).

In Cunnius v. Reading School Dist., 206 Pa. 469, 471, Mr. Justice Mitchell, commenting about a presumed decedent's estate, said:

"The statute steps in to provide a caretaker and to vest the present benefit in those who appear to be the owners, with as complete provision as is practicable for the reëstablishment of the rights and possession of the absentee on his reappearance."

Suppose we should grant the prayer of petitioner as presented; will the petitioner come in next week or next month with a similar petition asking for an award of tax on the estate of the deceased divorced wife in the estate of the presumed decedent at the rate of two percent, and when that petition is granted present a third petition asking for an award of tax on the estate of the deceased minor son at the rate of ten percent?

Counsel for petitioner laid great stress on the fact that under the Act of May 17, 1921, P. L. 893, 72 PS §2445, if the presumed decedent should be in fact alive any transfer inheritance tax paid on this estate could be refunded.

The Act of 1921, supra, in section 1 states that it is an amendment of the Act of June 12, 1878, P. L. 206, which refers to the refunding of collateral inheritance tax paid in error, limiting the refunding to two years from the date of said payment. The said Act of 1878 was amended by the Act of March 25, 1901, P. L. 59, which contains the same limitation of payment except in certain cases of litigation.

The Act of 1921, even though entitled an amendment to the Act of 1878 and even though it makes no reference to the Act of 1901, refers to " . . . direct, or collateral, or transfer inheritance tax" paid on estates of presumed decedents and provides for the refunding of the same providing application is made within six months after the court shall have rescinded any such order of adjudication.

This statute, like other refunding statutes, provides a method for the recovery of funds paid to the Commonwealth erroneously. When the legislature enacted such statutes it recognized that from time to time, through error, funds are paid to the Commonwealth, which should not be so paid. It did not endeavor to legalize such payments and enable the Commonwealth to retain them, but instead it provided a method for refunding them. The most that can be implied from such a statute is that the legislature recognized that in the situations described therein funds were erroneously paid to the Common-

wealth with sufficient frequency to warrant the enactment of a refunding statute. The imposition of an additional tax cannot be implied therefrom.

The prayer of petitioner is refused, at its costs.