## Haid Estate.

Argued March 26, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*E. Russell Shockley,* with him *Clarence E. Davis* and *James H. Duff,* Attorney General, for appellant.

*F. J. Hartman,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 10, 1943:

This appeal presents a question concerning the correct method of the appraisement and assessment of transfer inheritance tax under the Act of June 20, 1919, P. L. 521 and its supplements, 72 PS, Section 2301, as well as the conclusiveness of such appraisement.

The appeal was taken from a decree of the Orphans' Court confirming the account of a fiduciary. At the

audit the Commonwealth presented a claim for transfer inheritance tax, which the auditing judge disallowed, holding that as the estate had been appraised as insolvent, no tax was due. Between the date of appraisement and the audit, a period of six years, the fiduciary compromised two claims which had been allowed as deductions in the tax appraisement. This rendered the estate solvent, with $2,914.12 for distribution, upon which the Commonwealth claimed a tax of 2 percent, or $58.28.

The Commonwealth maintains that the appraiser appraised the *gross* assets of the estate only, and that the fiduciary subsequently filed a statement of deductions with the Register of Wills, which was held by the Register pending the determination of their deductibility by the Orphans' Court at the audit. This contention, however, is not borne out by the record. True, the record does not clearly disclose whether the appraisement made *October 22, 1932* was less *estimated* deductions, later itemized and verified by the affidavit of the fiduciary filed February 27, 1935, *or,* whether the appraisement *began* by the valuation of the gross assets on October 22, 1932 and was *completed* when the statement of deductions was presented February 27, 1935. Irrespective of which date is accepted, there appears in the record an assessment stating the appraised gross assets less the deductions as allowed, and concluding with the words: *"clear value of Estate . . . Insolvent".* Judge NELSON regarded the appraisement as duly made because he states in his opinion: "No appeal was taken from the appraisement". We shall, therefore, regard this as an appraisement of the clear value of the estate *by the appraiser,* as found by the court below.

The Commonwealth contends that under the Act of 1919 the sole function of an inheritance tax appraiser is to appraise the *gross* assets; that the decision concerning the deductibility of debts and administration expenses rests, in the first instance, with the register of wills and finally with the orphans' court.

Such contention is without merit. It is contrary to the statutory provisions. Section 1 of Article I of the Act of 1919, supra, *imposes* the tax. Section 2 declares what is taxable, viz: " . . . *the clear value of the property . . . passing"*. The same section provides what deductions shall be allowed from the gross estate in ascertaining the clear value thus taxed. Articles II and III prescribe the procedure for the assessment and collection of the tax and for the appointment of an appraiser. By the Act the tax is payable one year from the *date of death,* with penalties for non-payment. *A discount of five per centum is allowed for payment within three months from the date of death.* Obviously, the Act contemplates an appraisal before the audit so that the tax may be paid within the year to avoid the penalty, or within three months to obtain the discount.

While apparently there are no appellate decisions as to the method of appraisal, the question has frequently been before the lower courts. These courts have held, with few exceptions that in order to determine the *"clear value"* of a taxable estate, the *appraiser* must not only appraise the *assets* but must allow, *as deductions,* estimated debts and administration expenses. See: *Lucas's Est.,* 21 Dist. R., 757; *Cullen's Est.,* 26 W. N. C. 216; *Allison's Est.,* 18 Dist. R., 438; *Est. Caroline Wieand, deceased,* 35 Mont. Co., 19.

In *Borie's Est.,* 13 D. & C. 355, the Orphans' Court of Philadelphia County reviewed, at length, these transfer inheritance tax statutes, and the prescribed procedure therein. That case has been cited with approval by this Court in *Commonwealth* v. *Chamberlin Est.,* 346 Pa. 472, and we will not repeat what is there stated. It will suffice to say, that as affects this case, the *appraiser* appointed by the Auditor General appraised the *clear value* of the estate by appraising the assets and deducting allowable debts and administration expenses. If he had been in doubt as to any deduction, he could have suspended such item in whole or part, for determination

by the Orphans' Court. If either the Commonwealth or the parties were dissatisfied with the appraisement they could have appealed to the Orphans' Court, but did not. The appraisement of the clear value having been fixed, and unappealed from, it became final. See: *Rowell's Est.*, 315 Pa. 181.

The lower court was clearly correct. The appeal is dismissed at the cost of appellant.