## Wilson Estate

570

*Bernard Goldstone*, for petitioner.
*Joseph J. Nelson*, for respondents.

McKay, J., November 13, 1956.—A petition was filed by the Auditor General, for whom the Secretary of Revenue was subsequently substituted, for a citation directed to the administrator and heirs of the estate of James Eugene Wilson, to show cause why a balance of transfer inheritance tax amounting to $353.05 should not be paid, with interest. An answer was filed by respondents admitting the facts set forth

in the petition but denying that the alleged balance of tax was due the Commonwealth. The undisputed facts are as follows.

James Eugene Wilson died May 2, 1952. On May 10th of that year, letters of administration upon his estate were issued to Weldon Cousins. The inventory and appraisal listed personal assets in the sum of $5,872.32. A statement was filed by the administrator showing debts and deductions in the amount of $2,341.85 and a net taxable estate of $3,530.47.

On August 4, 1952, the appraiser for the Department of Revenue filed an appraisal in the register of wills' office showing the same amount of assets as those listed by the administrator, and on August 12, 1952, the Register of Wills of Mercer County sent a statement to the administrator on form ITA-3 which contained the following items:

| | |
|---|---:|
| Total appraisal | $5,872.32 |
| Debts and deductions | 2,341.85 |
| Clear value | $3,530.47 |
| Tax at 15% | 175.52 |
| Less 5% rebate | 8.83 |
| Tax due | 167.69 |

The rate of tax being 15 percent, obviously the above computation of tax was erroneous since 15 percent of $3,530 is $529.57, instead of $175.52.

On July 31, 1952, the administrator paid to the register of wills $167.69, that being the amount of tax due according to the erroneous statement.

On March 30, 1953, without filing a final account, the administrator presented a petition for discharge and release from liability under his bond and an order was signed by the court discharging the administrator.

On February 23, 1955, the mistake in tax having been discovered, the register of wills sent to the administrator a corrected assessment of the tax as follows:

| | |
|---|---|
| Clear value | $3,530.47 |
| Tax at 15% | 529.57 |
| Tax paid 7/31/52 | 167.69 |
| Balance | 361.88 |
| Less 5% rebate | 8.83 |
| Balance | 353.05 with interest at 6% from May 10, 1953. |

The present petition is filed for the purpose of compelling the administrator and the heirs of decedent, who received the balance for distribution in the estate and hence are in possession of personal property derived from the estate, to pay the balance of the tax of $353.05, with interest. The petition is filed pursuant to the provisions of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended, 72 PS §2351. The act provides:

"If any tax shall remain due and unpaid for one year after decedent's death, the register of wills shall apply to the orphans' court, by bill or petition, to enforce payment of the same, whereupon, in the case of personal property, the orphans' court may cite the . . . administrators . . . or any other person in possession of personal property . . . derived from such estate and which is subject to the tax . . . to appear on a certain day and show cause why the tax should not be paid;"

Respondents contest the Commonwealth's claim for any additional tax upon the grounds that the tax as assessed by the register of wills was paid by the ad-

ministrator, the balance was distributed to the heirs and the administrator discharged and that no appeal having been taken by the Commonwealth to the assessment within 60 days as required by the Act of June 22, 1931, P. L. 839, as amended, the Commonwealth is precluded from collecting any additional tax in the present proceeding.

It is undoubtedly true that when an appraisal of an inheritance tax has been once made and no appeal is taken within 60 days, the appraisal becomes final and binding upon all parties when a full discharge has been made: Borie's Estate, 13 D. & C. 355; Haid Estate, 347 Pa. 159.

This rule applies not only to the finality of the appraisal but to the determination of the assessable rate as well: Reynolds Estate, 359 Pa. 616.

The difficulty with this position in the present case is that neither party is attempting to challenge either the amount of the appraisal or the rate of tax, these matters not being in dispute.

Nor is the present proceeding an appeal from the appraisal, as respondents vigorously contend. Instead, the Secretary of Revenue is attempting to collect an unpaid balance of the tax due according to a correct appraisal and rate of tax three years after the amount of the tax claimed to be due was erroneously computed by the register of wills, the statement mailed to the administrator and the incorrect amount paid by him.

Obviously, both the register of wills and the administrator are at fault. The former erred in the computation of the tax and the latter failed to check her figures before paying the tax and distributing the balance of the estate, less the debts, to the heirs.

The controlling question before us, therefore, is whether the error by the register of wills is a defense to the proceeding to collect the balance of the tax.

Counsel for the Secretary of Revenue contends that the error in the computation and payment of the tax lies at the door of the administrator whose duty it is to compute, pay and deduct the proper tax. He bases this upon section 16 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2352, which provides that:

"The . . . administrator . . . paying any legacy . . . in the distribution of any estate of a resident decedent subject to the said tax, shall deduct therefrom . . . the rate of 10 per centum * upon the . . . sum paid to . . . any other person", and "every sum of money retained by any . . . administrator . . . for the use of the Commonwealth, shall be paid by him without delay".

In our opinion, the act does not place upon the administrator the primary duty to assess and collect the inheritance tax due to the Commonwealth from an estate nor make him primarily responsible for any error in the computation. Instead, that duty is imposed upon the register of wills who is the agent of the Commonwealth for the collection of the tax. Section 21 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2381, reads:

"The registers of wills . . . shall be the agents of the Commonwealth for the collection of the said tax in the case of resident decedents."

It is true that the administrator has the duty to deduct and pay the proper amount of tax and for this purpose he should carefully check the statement sent to him by the register. The principal responsibility for the error in the present case, however, lies with the register of wills and if an error in the computation of

---

* It may be noted that when section 2 of the Act of 1919, supra, was amended by the Act of December 21, 1951, P. L. 1713, sec. 1, 72 PS §2302, so as to increase the rate of the collateral inheritance tax from 10 percent, to 15 percent, no corresponding amendment to section 16 of the act was enacted. Hence, the discrepancy in the two sections with respect to the return of collateral tax.

the register is a defense to the present proceeding, the Secretary of Revenue is barred from collecting the balance of the tax since the error was made by his agent.

In our opinion, however, the mere fact that an error was made by his agent in computing the tax does not bar the Secretary of Revenue from proceeding at this time to collect the balance when the error is discovered. It is well established that an error of an officer cannot deprive the Commonwealth of its right to collect taxes that are found to be due.

In the case of Commonwealth v. Western Maryland Railway Company, 377 Pa. 312, it was contended that the Commonwealth was estopped to collect taxes on corporate loans by the failure of officials to impose and collect taxes on the bonds during a prior period. In overruling this contention, the Supreme Court, in an opinion by Chief Justice Stern, said, at pages 320 and 321:

"It is a fundamental legal principle that a State or other sovereignty cannot be estopped by any acts or conduct of its officers or agents in the performance of a governmental as distinguished from a proprietary function. No errors or misinformation of officers or agents can estop the government from collecting taxes legally due."

While the instant case deals with an error of a government agent and the principle of estoppel is not specifically relied upon by respondents, the reason for the estoppel rule in the Western Maryland Railway case is equally applicable to the question now before us. In fact, the opinion in that case cites as authority for the decision the case of Easton Bank v. Commonwealth, 10 Pa. 442, where the question of estoppel was not involved. In the Easton Bank case, the court said, at page 451:

". . . the rights of the commonwealth are not liable to be compromised by the nonfeasance of her agents. Nor can her debtor escape through the mistake of her servants acknowledging a sum less than the whole due, as received in full."

Therefore, the secretary can collect the balance of the tax due notwithstanding it was not collected at the time of filing of the appraisal due to an error of his agent.

Respondents contend that since the balance of the estate has been distributed and the administrator has been discharged, the Commonwealth cannot collect the tax from the person who was administrator or from the heirs of decedent.

In our opinion, respondents' position is correct as to the former administrator. Section 15 of the act, 72 PS §2351, provides as follows:

"If any tax shall remain due and unpaid for one year after decedent's death, the register of wills shall apply to the orphans' court, by bill or petition, to enforce payment of the same, whereupon, in the case of personal property, the orphans' court may cite the executors or administrators of the decedent whose estate is subject to the tax, *or* any other person in possession of personal property belonging to such decedent's estate or derived from such estate and which is subject to the tax, to file an account, *or* to appear on a certain day and show cause why the tax should not be paid. . . .

"If the tax shall be found to be due, the delinquent shall pay the tax and costs." (Italics supplied.)

It will be noted that the citation to compel payment of a tax is issued in the alternative to the personal representatives of the estate *or* to the individuals in possession of personal property derived from the estate. The citation to the executors or administrators is to file an account, whereas the citation to the persons in possession of personal property derived from the

estate is to appear and show cause why the tax should not be paid.

Since the administrator has been discharged and the present citation is not to compel the filing of an account but to show cause why the tax should not be paid, it can only be directed to the heirs who have personal property derived from the estate.

The fact that the administrator has been discharged does not affect the liability of the other respondents to pay the tax due on the personal property which they received in the distribution of the estate. In fact, the statute under which the present petition was filed clearly provides for that very situation which is here present.

Inasmuch as a portion of the tax in this estate has been found to be due, and respondents other than Weldon Cousins are heirs in possession of personal property derived from the estate, they should be required to pay the balance.

The Secretary of Revenue claims interest upon the unpaid tax from May 10, 1953. Interest is in the nature of a penalty for delay in payment where the fault lies with the delinquent person. Since the error in computation which resulted in the delay in payment was made by the agent of the Secretary of Revenue, respondents should not be penalized by the imposition of interest. Where a delay in payment of an inheritance tax is no more the fault of the estate than the Commonwealth, no interest should be imposed: In re Jenkins' Estate, 83 D. & C. 265. Accordingly, interest should not be allowed on the claim.

### Order

Now, November 13, 1956, it is ordered and decreed that the transfer inheritance tax in the estate of James Eugene Wilson is found to be due and unpaid in the amount of $353.05 and that respondents have failed to show cause why the said tax should not be paid. Ac-

cordingly, it is ordered that they, the said Cora Cousins, Alice Masters, Fred Wilson and Mary Elizabeth Nelson pay the said sum to the Secretary of Revenue within 30 days from the date of this order, together with the costs of the case.

*Exception*

And now, November 13, 1956, to the foregoing order of the court, counsel for respondents excepts and, eo die, a bill of exceptions is sealed for respondents.