Weir Estate.

Argued April 28, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and EAGEN, JJ.

*Ralph S. Snyder,* Deputy Attorney General, with him *Henry Thalenfeld,* Special Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, appellant.

*Thomas F. Gill,* with him *Jacob Schiffman,* and *Schiffman and Gill,* for appellee.

Opinion by Mr. Justice Cohen, May 23, 1960:

This appeal by the Commonwealth of Pennsylvania from the decree of the Orphans' Court of Luzerne County dismissing the Commonwealth's claim for additional inheritance taxes raises but one simple question: Where an administrator filed a statement of debts and deductions with the register of wills enumerating the items claimed as deductions from the appraisement of the assets and thereby obtained a clear value upon which the Commonwealth assessed a transfer inheritance tax under the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301 et seq., may the Commonwealth at the audit of the estate object to the deductions previously allowed by the register of wills when no appeal was taken by the Commonwealth within 60 days from the time the assets of the estate were appraised and the tax assessed?

In *Haid Estate,* 347 Pa. 159, 32 A. 2d 25 (1943), the answer was determined to be "no." There we said that the appraiser determines the clear value of the estate by appraising the assets and deducting allowable debts and administration expenses, and that if the appraiser had had any doubts as to any such deductions, he could have suspended such items for determination by the orphans' court. The appraisal having been fixed and no appeal having been taken, the appraisement became final. We therein rejected the argument advanced by the Commonwealth that under the Act of 1919 the sole function of an inheritance tax appraiser was to appraise the gross assets of the estate, and that the decision concerning the deductibility of debts and administration expenses was a separate function of the register of wills to be finally reviewed upon audit by the orphans' court.

Thirteen days after the decision in *Haid Estate,* the Act of May 27, 1943, P. L. 757, §2, 72 PS §2302, which

amends the Inheritance Tax Act of 1919, was enacted. This amendment made the following important changes: At the time of *Haid Estate* the Inheritance Tax Act had provided in pertinent part as follows: ". . . in ascertaining the clear value of such estates, the only deductions to be allowed from the gross value of such estates shall be. . . ." This language was changed to read as follows: ". . . in ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates *by the register of wills* shall be. . . ." To this same section was also added this additional proviso: ". . . And provided further, That whenever the allowance of any deduction by the register of wills from the gross value of such estates shall be in dispute, the question of allowance shall be determined by the court having jurisdiction of the accounts of the personal representative of the decedent in the adjudication made by such court upon any such account, and unless either party shall, by exceptions to the account or to the adjudication thereon duly presented as provided by law, raise its objection to the allowance or disallowance of a deduction for any credit claimed in the account or any award made in the adjudication, as the case may be, the adjudication confirming the account or making the award shall conclusively establish that the deduction should be allowed or disallowed, as the case may be."

The amendatory language of the Act of 1943 makes it clear to us that the contention once rejected in *Haid Estate* must now be sustained. The Inheritance Tax Act, as it now reads, can only be interpreted to mean that the allowance of debts and deductions by the register of wills is a function separate and apart from the appraisement, a function performed by the inheritance tax appraisers, nominees of the Secretary of Revenue. As such, under the amendment proviso, the al-

lowance of any particular item or amount can be disputed by either party upon audit of the account before the orphans' court. We need not now decide whether this is the exclusive method available for appeal from an allowance. Compare *Mills Estate,* 367 Pa. 504, 509, 80 A. 2d 809 (1951), with *Devlin's Estate,* 58 Pa. D. & C. 405 (O. Ct. Delaware, 1946); *Engelman Estate,* 22 Lehigh 317 (1947).

We are not alone in our interpretation of the effect of this amendatory act. Its application was clear to Judge VAN RODEN of the Delaware County Court in *Feeny Estate,* 72 Pa. D. & C. 431 (1950), and to Judge JONES (now Justice BENJAMIN R. JONES), then of the Luzerne County Court, in *Bullock's Estate* (unreported opinion No. 888 of 1955), both of whom determined that the Act of 1943 permitted the taxpayer or the Commonwealth to raise at audit any question concerning the allowance or disallowance of deductions even though no appeal had been taken within the 60 day period provided by Section 13 of the Act of June 20, 1919, P. L. 521, 72 PS §2327. As long ago as October, 1945, the writers in the Fiduciary Review suggested that the Act of 1943 provided an alternative method of settling questions of deductions, either by appeal under the Act of 1919 or by raising such questions at the time of the audit under the Act of 1943. The decisional law, the commentators, and the practice by the bar in most of the counties in the Commonwealth have adhered to such an interpretation of the Act of 1943, and no compelling reason has been advanced why we should now place upon that Act a different interpretation.

It must be clearly understood, however, that under the Act of 1919, appeals from the appraisement of the assets by the Commonwealth, acting through the Department of Revenue (from which debts and deductions

are allowed by the register of wills), must be made within 60 days.

Decree reversed at cost of appellant.