**Reed Estate**

*Francis J. Lynch* and *Reilly & Pearce,* for petitioner.
*Arnold M. Snyder,* for Commonwealth.

VAN RODEN, P. J., April 13, 1961.—Executor of this estate has filed a petition for a citation on the Register of Wills of Delaware County to show cause why an appeal from appraisement for transfer inheritance tax purposes should not be sustained.

The Commonwealth has filed preliminary objections on the ground that the appraisement was filed on August 11, 1958, and that no appeal therefrom was taken within the statutory period of 60 days allowed for the taking of such appeal and that the appraisement is therefore final and conclusive.

The first account of the executor was audited, adjudicated and confirmed nisi by written adjudication of this court dated December 3, 1958. The said adjudication was expressly "made subject to the payment of such additional transfer inheritance tax, if any, as may properly be found to be due and owing unto the Commonwealth." No exceptions were filed to the said adjudication within the period of 15 days thereafter, and the confirmation became absolute on December 18, 1958, as of course.

The petition presently before the court recites that the appraisement in this matter includes an item of $4,335, included in decedent's checking account balance, whereas the said sum of $4,335 was, in fact, the property of decedent's husband and should not have been included as an asset of her estate for transfer inheritance tax purposes. It is alternatively suggested that the estate is entitled to a deduction in like amount for repayment of said item to the husband.

In the aforementioned account, the accountant claimed credit for payment to decedent's husband "by way of settlement of accounts with decedent" in said amount of $4,335. Such item was not included in the original statement of debts and deductions filed for inheritance tax purposes but, after the filing of the account, a supplemental statement of debts and deductions was filed to reflect this item. Thus, the Commonwealth is now claiming a balance of inheritance tax due, but the accountant asserts an overpayment of inheritance tax and seeks a refund thereof.

Testimony submitted at a hearing held in open court established that decedent's husband was engaged in the business of a plumbing and heating contractor for many years; that his usual method of business operation was to turn over money to his wife from time to time for the purpose of having her pay bills of subcontractors. The husband specifically testified that he received $835 for work done at premises 3603 Baring Street, Philadelphia, which he gave to his wife for the purpose of paying bills for labor and materials on that job, and that he received two checks of $1,750 each, or a total of $3,500, for work done on premises 4140 Pennsgrove Street, Philadelphia, which he turned over to his wife for payment of similar bills. All these payments were deposited by the wife, decedent, in her bank account, but, due to illness or some other reason, the wife failed to pay the bills relating to these two jobs and at the time of her death the funds were still on deposit in her bank account.

The court is convinced from the evidence that the husband had a valid claim against his wife's estate for the return to him of the said sum of $4,355, and that the accountant very properly paid said sum to him in satisfaction of such claim. Accordingly, if the auditing judge had been requested to decide this question at the time of audit, the debt would have been

recognized as a proper claim against decedent's estate and the Commonwealth would have been directed to allow same as a proper deduction in computing the net clear value of decedent's estate for transfer inheritance tax purposes. However, the matter was not specifically brought to the attention of the court at that time but was noted merely as a credit claimed in the account. No objections to the account were filed by the Commonwealth or any other party in interest. Likewise, no exceptions were filed to the adjudication nisi by the Commonwealth or any other party in interest.

The difficulty in the present case arises by reason of the fact that petitioner did not act with due diligence. Although the official appraisement was made by the Commonwealth on August 11, 1958, and due notice thereof was given to petitioner, no appeal from said appraisement was taken within the statutory period of 60 days provided by section 13 of the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2327, which provides as follows:

"Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within sixty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. The appeal shall specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the court. Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme [or Superior] Court."

The amendatory statute of May 27, 1943, P. L. 757, sec. 1, 72 PS §2302, further provided that:

". . . whenever the allowance of any deduction by the register of wills from the gross value of such es-

tate shall be in dispute, the question of allowance shall be determined by the court having jurisdiction of the accounts of the personal representative of the decedent in the adjudication made by such court upon any such account, and unless either party shall, by exceptions to the account or to the adjudication thereon duly presented as provided by law, raise its objection to the allowance or disallowance of a deduction for any credit claimed in the account or any award made in the adjudication, as the case may be, the adjudication confirming the account or making the award shall conclusively establish that the deduction should be allowed or disallowed, as the case may be."

It has been definitely decided that the allowance or disallowance of any particular item or amount of deduction by the register of wills can be disputed by either party upon audit of the account before the orphans' court, even though no appeal was taken from the official appraisement within 60 days from the time the assets of the estate were appraised and the tax assessed: Weir Estate, 399 Pa. 612 (1960).

However, even recognizing that ". . . the allowance of debts and deductions by the register of wills, a function separate and apart from the appraisement, a function performed by the inheritance tax appraisers, nominees of the Secretary of Revenue, . . ." Weir Estate, supra, at 615, nevertheless ". . . appeals from the appraisement of the assets by the Commonwealth, acting through the Department of Revenue (from which debts and deductions are allowed by the register of wills), must be made within 60 days": Weir Estate, supra, at 616-17.

Accordingly, if the item of $4,335 is considered as a disputed asset of the estate, the appraisement became final by failure of petitioner to take an appeal within 60 days. On the other hand, if the said item is regarded as a disputed debt or deduction rather than as an asset, then petitioner is foreclosed from

relief at this time by failing to have the disputed item decided by the auditing judge at the time of audit or within the period provided for filing exceptions to the adjudication.

It may be that an avenue of relief is presently available to petitioner by means of an application for refund addressed to the Board of Finance and Revenue. That body has the administrative power to allow a refund of transfer inheritance tax paid by reason of overvaluation of that portion of the estate on which the tax has been assessed and paid. See 72 PS §503, et seq. However, this court is presently without power so to direct.

Accordingly, the present petition must be dismissed, but such dismissal will be without prejudice to the right of petitioner to apply to the Board of Finance and Revenue for refund in the manner provided by law.

The court, therefore, enters the following

*Decree*

And now, to wit, April 3, 1961, it is hereby ordered, adjudged and decreed as follows:

1. The preliminary objections filed on behalf of the Commonwealth are hereby sustained.

2. The petition of Fidelity Philadelphia Trust Company, executor of the estate of Elizabeth Lloyd Eckert Reed, deceased, to show cause why the appeal from appraisement for transfer inheritance tax purposes should not be sustained is hereby dismissed, and the citation heretofore issued is hereby discharged.

3. All of the foregoing is without prejudice to the right of petitioner to make application to the Board of Finance and Revenue of the Commonwealth for refund of the asserted overpayment of inheritance tax.

4. The parties shall bear the respective costs.

5. An exception is hereby allowed to each party in interest.