## Forsyth Estate

*Thomas A. Reap, Jr.*, for appellant.
*Jack Sirott,* for Commonwealth.

SATTERTHWAITE, P. J., October 2, 1964.—The problem presented in this appeal from an inheritance tax appraisal is whether the Commonwealth is barred from the collection of tax over and above that paid by the executrix at the time of filing the prescribed report forms with the Register of Wills, where such additional tax is claimed by reason of the Commonwealth's appraisal of the clear value of the same reported assets in an amount substantially in excess of that so reported and such appraisal was not filed until several months after the absolute confirmation of the first and final account of the executrix and after the estate had been fully distributed to the beneficiaries under decedent's will. The matter is before the court after argument on a stipulation of facts.

Decedent died testate on April 5, 1959. The executrix filed an inventory on January 23, 1960, and the requisite inheritance tax report on March 8, 1960. Both documents listed certain items of personal property, the values of which are not presently in controversy, and also decedent's undivided two-thirds interest in particularly identified Bucks County real estate, valued therein by the executrix at $10,800. Tax in the amount of $24,240.14, the full amount due on the returned valuations, was paid on the latter date.

On August 19, 1960, the executrix filed her first and final account with the register, charging herself therein, inter alia, with the two-thirds interest in the subject real estate at the $10,800 valuation. After due advertisement according to law, but without specific notice to the register or anyone else on behalf of the Commonwealth, said account was confirmed as of course in the absence of exceptions under the then practice in this court, and so marked by the clerk on February 21, 1961. A statement of proposed distribution of the balance shown by such accounting, including an award of the subject real estate to the specific devisees thereof under decedent's will, was filed with the clerk in accordance with local rule, and was likewise approved as of course on April 16, 1961. The executrix made distribution of the entire estate to the respective beneficiaries pursuant thereto on May 16, 1961.

Almost six months later, on November 1, 1961, the Commonwealth's inheritance tax appraiser filed his first and only appraisal of the taxable assets of the estate. He accepted therein the reported valuation of the personal property, but increased the value of the fractional interest in the subject real estate from $10,800 to $32,000, resulting in the register's subsequent demand for additional tax in the amount of $3,180, plus penalties. The within appeal followed, not challenging the correctness of the Commonwealth's appraised valuation, but contending solely that the attempt to collect such additional tax came too late and was inequitable and improper under the circumstances. The parties appellant included not only the specific devisees of the realty, but also the executrix and two of the several residuary beneficiaries under decedent's will, which had directed that the devise of the subject property be free of inheritance taxes.

The law would seem clear that the Commonwealth's claim for inheritance taxes is not in the same category

as that of other creditors and claimants against a decedent's estate. In nature, it arises not as a charge against decedent or his estate as such, but rather as a levy upon the beneficiaries' right of succession or inheritance; while the personal representative has certain responsibilities to see that the inheritance tax appraisal is proper and that the tax, when settled, is paid, nevertheless the ultimate impact and obligation of payment thereof are imposed, so far as the law is concerned and subject to testamentary provisions to the contrary, upon those persons entitled to respective interests in distribution of the estate, and, at least as to taxes due under the Act of June 20, 1919, P. L. 521, as amended, 72 PS §2301, et seq., not upon the general funds of the estate: Wright Estate, 391 Pa. 405, 409, 420; Belefski Estate, 413 Pa. 365, 374. This is not to say, of course, that the collection of death taxes is a matter foreign and totally unrelated to the audit of the accounting of the personal representative; the inheritance tax law, as well as orderly practice, both normally indicate that questions relevant thereto should be, and in this case should have been, disposed of in due course prior to presentation of the account for audit and distribution. See Haid Estate, 347 Pa. 159, 161; compare Weir Estate, 399 Pa. 612. However, the fact that the audit be concluded before this ideal course of procedure be carried out in particular cases does not, in itself, defeat the Commonwealth's right of ultimate collection of taxes due.

Thus, there are many decisions holding that the Commonwealth's failure to present its claim for inheritance taxes at the audit of the account of the fiduciary, does not preclude subsequent enforcement of its tax claim. See Pfeiffer's Estate, 20 D. & C. 159 (1933), balance of tax due under prior appraisal not appealed from, *held* collectible from executor individually subsequent to distribution after audit in which the tax ques-

tion was not presented; McGettigan Estate, 31 Northamp. 277 (1948), rule to strike off inheritance tax appraisals, resulting in additional tax and filed more than two years after absolute confirmation of the administrator's account which had included the subject additional assets, *held* discharged; Graham Estate, 71 D. & C. 125 (1950), appeal from inheritance tax appraisal of remainder interest filed six years after distribution pursuant to audit of trustee's account on the death of the life tenant, *held* dismissed; Finley Estate, 79 D. & C. 166 (1951), claim at audit of a trustee's account, filed on the death of the second and successor life tenant, for additional tax due by reason of assets distributed to the long-deceased first life tenant under a power of consumption, as disclosed in fact by an audited earlier account, *held* allowed; Wilson Estate, 10 D. & C. 2d 569 (1956), additional tax attributable to register's obvious arithmetical mistake in computing the tax due from an undisputed and timely appraisal at a designated and correct rate, *held* collectible against the distributees two years after distribution and discharge of the administrator, but not against the administrator personally. Compare, also, Cox Estate, 55 Dauph. 268 (1944), rule by the Commonwealth for leave to file exceptions nunc pro tunc to an adjudication of the account of a trustee, to collect inheritance taxes due by reason of assets passing under the deed of trust and not yet appraised, *held* discharged as procedurally improper since tax liability should be determined by an assessment and appeal therefrom, and not as an incident of audit; and Lartz Estate, 19 D. & C. 2d 311 (1959), confirmation and allowance of credit items contained in an executor's account, not contested at the audit which was conducted prior to the filing of the final inheritance tax appraisal and assessment, *held* not controlling as

to the allowability of the same as deductions on a subsequent inheritance tax appeal.

Appellants, contend, however, that under the circumstances of the instant case, the Commonwealth is barred by laches and should be estopped from asserting its belated claim for what they regard as additional taxes after distribution of the estate. They contend for this result by reason of their change of position in asserted reliance upon an alleged belief that the Commonwealth had accepted and acquiesced in the reported valuation of the estate assets, as to which tax liability had been fully discharged. This position is founded, if the court correctly understands their argument, not on the basis of any overt representation to that effect, but rather on the novel premise that the Act of 1919, supra, as amended, did not *require* that an inheritance tax appraiser be appointed or an appraisal by the Commonwealth be made in *every* estate, since section 10 thereof, 72 PS §2321, pertaining to estates of resident decedents, provided only for such appointment "whenever occasion may require." They argue from this premise that since more than six months had expired after the filing of the inventory, and no inconsistent appraisement had been made on behalf of the Commonwealth in the interim, the executrix had the right to assume when she filed her account that none would be entered and the Commonwealth could be regarded as having agreed to her reported valuations.

This argument is without merit and must be rejected. The factual basis for such alleged belief, as well as the legal premise upon which the ultimate conclusion urged therefrom is founded, are both unsound and unsubstantiated. In view of the provisions of the stipulation relative to the correspondence from the "Inheritance Tax Division" to counsel for the executrix, to which the latter replied as late as August 11, 1960, the estate certainly may not be heard to say that when

the account was filed on August 19, 1960, any realistic belief could be entertained that the Commonwealth did not intend to file any appraisement. Moreover, as everyone who is informedly familiar with the administration of decedents' estates is aware an appraisal *is* in fact made, and the inheritance tax law *does* require the same on behalf of the Commonwealth, in every case: Compare McLure Appeal, 347 Pa. 481, 485. Still further, the Act of 1919, as amended, as appellants concede, imposed no time limitation within which such appraisal must be entered. It is obvious, therefore, that no reasonable basis either did exist or could have existed for any genuine understanding that the reported figures had been accepted and the tax liability discharged, unless and until the requisite appraisement had been filed and so indicated. Prior thereto, the parties quite apparently acted at their own risk.

These considerations distinguish the within case from Swayne Estate, 6 Fiduc. Rep. 80, cited by appellants. In that decision, a successor fiduciary justifiably did rely on a belief that its predecessor had discharged the estate's tax liability in full, by reason of a filed, albeit erroneous, appraisal, and also a recorded docket entry showing receipt of "tax paid in full." The instant case, however, does not involve any new or unknowing fiduciary, and, although the stiplation does not mention the subject, no pretense is made that any receipt was issued or notation docketed that the $24,240.14 payment of tax by the executrix on March 8, 1960, was accepted or recorded as full and complete satisfaction thereof.

While it may be true that the Act of 1919 in terms spelled out no mechanics by which those interested in the estate could have compelled the earlier filing of the Commonwealth's appraisal, the within proceedings present no occasion to consider the problem of the estate's possible remedies had unsuccessful attempts

been made to force a more timely completion of the tax assessment process, for the very simple reason, as specifically stipulated, that in this case no one had ever requested such action by the register or anyone else. In this connection, it should be further noted that the attorney's certificate attached to the accounting of the executrix in itself was not in full compliance with local practice. It recited that the inheritance tax had been paid, but failed to note the potential problem, of which counsel must have been aware by reason of the absence of a Commonwealth appraisal, "whether there is a question that [the estate] may be subject to transfer inheritance taxes . . . and whether there is or may be any further liability for such tax," as required by Bucks County Rule *601.2 (c).

The foregoing considerations should not be interpreted as any condonation by the court of the ostensibly inexcusable delay appearing in this case in the making of the subject appraisal by the inheritance tax personnel. But the dereliction of such ministerial employes, even if fault for the delay be entirely theirs, cannot prejudice the sovereign rights of the Commonwealth to the full collection of taxes to which it is properly entitled. As noted by Chief Justice Stern in Commonwealth v. Western Maryland Railway Company, 377 Pa. 312, 320-321:

"It is a fundamental legal principle that a State or other sovereignty cannot be estopped by any acts or conduct of its officers or agents in the performance of a governmental as distinguished from a proprietary function. No errors or misinformation of officers or agents can estop the government from collecting taxes legally due. However firmly established the rule as to private individuals or corporations that where a person has been induced to act to his detriment by the representations of an agent he can hold the principal on the

theory of estoppel, that rule does not apply when a government is the principal."

It follows that insofar as the same relates to the propriety and computation of the tax assessed by the register on the basis of the appraisement of November 1, 1961, the within appeal must be dismissed. Such tax unquestionably was due, the correctness of the amount thereof has not been challenged, and the court now rules that enforcement thereof is not precluded by the circumstances of its belated assessment. The question remains, however, as to the matter of interest or penalty thereon. Section 38 of the Act of 1919, as amended, 72 PS §2442, imposes interest at six percent per annum upon the tax if not paid within one year from the date of death of decedent, and the register has accordingly demanded such addition to the unpaid tax in this case from April 5, 1960. Such demand should be sustained in part and rejected in part.

Although the executrix had filed the inventory some two months, and the inheritance tax form almost one month, prior to the anniversary of decedent's death, it also appears from the stipulation that some justification was presented for not filing the Commonwealth's appraisement before the latter date. On March 18, 1960, and again on April 28, 1960, the "Inheritance Tax Division" had, by letters to counsel for the executrix, requested further information relative to the personal property reported, and reply thereto was not forthcoming until August 11, 1960. Accordingly, the delay in the appraisal until a reasonable time after the latter date can scarcely be attributed to the Commonwealth's representatives.

On the other hand, the further delay of more than 14 months from August 11, 1960, until November 1, 1961, when the appraisement was finally filed was unduly prolonged, and in the absence of explanation, and none whatsoever appears here, was patently unjusti-

fied and unreasonable. While the law may not bar the collection of tax at such late date, and in fact the Act of 1919 does not even purport to limit the time for original appraisement, it would be manifestly unfair and inequitable to permit interest to run thereon for this period to the prejudice of the beneficiaries of this estate. Compare Jenkins Estate, 83 D. & C. 265, 270; Wilson Estate, 10 D. & C. 2d 569, 577 (1956). Accordingly, the computation of interest on the tax due in this case should eliminate the period from September 1, 1960, by which date the appraisal apparently could reasonably have been made, to November 1, 1961.

Under the particular circumstance presented in the subsequent history of the within proceedings, however, the court does not feel justified in following the Jenkins and Wilson decisions to the full extent of totally disallowing any interest whatsoever. No equities have arisen in the estate's favor in the situation obtaining since the appraisal was made. Although the appeal therefrom was timely filed on December 29, 1961, no move was made to bring the matter before the court for disposition until the stipulation of facts was filed on August 30, 1963. The matter was ordered for argument on September 18, 1963, and, by correspondence between the court and counsel, in December 1963, it was agreed that the questions involved would be submitted to the court on briefs. Even then, it was only after further prodding by the court at the instance of counsel for the Commonwealth that counsel for the executrix finally presented his case for disposition, by brief of argument presented on May 4, 1964, to which opposing counsel was justifiably given an opportunity to reply.

In light of these circumstances, coupled with the complete absence of any real defense to the merits of the tax claim itself, the court believes that no occasion has arisen to extend any equitable relief to the parties

interested under decedent's estate from the normally mandatory interest provisions of section 38 of the Act of 1919, as amended, supra, beyond that already hereinabove recognized. Parenthetically, it should also be noted for the future guidance of the parties that whether or not the subject real estate may have been productive of income to the extent of the normal six percent interest rate, as to which the record is silent, those liable for the tax are not within the qualifying clause of that section limiting the interest due to any lesser rate actually realized. The property in question has not been "withheld by reason of litigation or other unavoidable cause of delay, from the parties entitled thereto." Compare McCrory Estate, 5 D. & C. 2d 701. In fact, it has not been withheld at all; distribution thereof occurred on May 16, 1961, long prior to the inception of these proceedings.

In conclusion, it should be further observed that the within decision is dispositive only of the inheritance tax appeal itself. The court is not presently concerned with possible additional problems of how or from whom the Commonwealth may collect the tax herein sustained, or of the respective responsibilities to each other therefor of the several parties beneficially interested under decedent's will in light of the tax clause thereof and the completed audit and distribution of the estate passing thereunder. Such questions are not here involved and disposition thereof neither can nor should be attempted on the present record in which the factual considerations pertinent thereto have in no way been presented or developed, and possibly affected parties have not been joined.

## Order

And now, October 2, 1964, the within appeal from the inheritance tax appraisement is hereby denied, refused and overruled, and said appraisement and assessment of tax due are hereby confirmed and approved,

provided, however, that no interest shall be due or collectible on the unpaid balance of tax for the period from September 1, 1960, to November 1, 1961. Costs shall be paid by the estate.