Commonwealth, Appellant, *v.* Chamberlin Estate.

Argued January 28, 1943. Before MAXEY, C. J.; DREW, LINN, PATTERSON, PARKER and STEARNE, JJ.

*Harold E. Martin, Frank A. Sinon,* Deputy Attorney General, and *James H. Duff,* Attorney General, for appellant.

*Chas. W. Easby,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 22, 1943:

Testatrix bequeathed her estate to five named sons. The share of one of them was placed in trust. She named a son as executor. The executor caused the estate to be appraised for transfer inheritance tax. The tax was assessed and paid. At the audit of the account two claims were presented concerning the maintenance of the son whose share had been placed in trust. One of the claims was by the County Institution District, and the other by the Commonwealth, through the Department of Revenue, Bureau of Institution Collections. Both claims were allowed. The claims had not been submitted, nor considered, in the tax appraisement and assessment. The auditing Judge ruled that there had been an overpayment of inheritance tax in the sum of $20.16. He then attempted to do substantial justice in what he regarded as a most direct and practical manner. He decreed that because there had been an overpayment of the inheritance tax, which could be refunded to the executor by the Commonwealth upon application, the amount of such overpayment should be deducted from the claim of

the Commonwealth relating to the support item. He thereupon awarded to the Commonwealth the difference between its admitted claim and the amount of the tax overpayment. This was error.

We shall not repeat the historical development concerning refund of taxes or other moneys erroneously paid to the Commonwealth. See *Philadelphia & Reading Coal & Iron Company v. Tamaqua Borough School District*, 304 Pa. 489, and *Hotel Casey Company v. Ross, et al.*, 343 Pa. 573. It will suffice to say that the exclusive jurisdiction and authority over all refunds of taxes, as a result of error of fact, is now vested in the Board of Finance and Revenue by the provisions of The Fiscal Code, being the Act of April 9, 1929, P. L. 343, Article V, Section 503, as last amended by the Act of August 5, 1941, P. L. 797, Section 1 (72 PS §503).

The appraisement and assessment of transfer inheritance tax and the procedure thereunder, is regulated and defined by statute: Act of June 20, 1919, P. L. 521 (72 PS §2301 et seq.) and its supplements. For a discussion of the procedure in inheritance tax appraisements and assessments, see *Borie's Estate*, 13 D. & C. 355.

To assess an inheritance tax, to modify the assessment, or to determine that there has been an overpayment of tax and to decree a refund thereof, is clearly beyond the jurisdiction of an auditing Judge, in the Orphans' Court, when auditing an account of a fiduciary.

We do not agree with the learned auditing Judge that distribution of the estate would have been delayed pending the prescribed statutory procedure for refund of the tax overpayment. Payment of inheritance taxes before debts are ascertained is always at the risk of the fiduciary, like any other voluntary payment. The executor could have awaited the audit, when the liability of the estate for debts would have been adjudicated. After such an adjudication the estate could have been submitted to the Register for tax appraisement and assessment. Distribution of an estate should never be withheld

pending the determination of an application by a fiduciary for an inheritance tax refund. This is a matter which concerns the fiduciary alone, and with which the distributees have no concern.

The decree of the court below is reversed. Costs to be paid from the estate.