## Darsie Estate.

Argued May 27, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused July 16, 1946.

*George W. Keitel,* Deputy Attorney General, with him *James H. Duff,* Attorney General, and *George T. Walker, Jr.,* for appellant.

*B. R. McBurney,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 25, 1946:

This is an appeal from a transfer inheritance tax appraisement and assessment. The question is whether the assessment made on July 18, 1928, was a final assessment, which precluded the second assessment of February 28, 1945.

Testator died May 4, 1928. By his will he left a life estate to his widow, with power to consume the principal, with remainder to collaterals. The appraisement fixed the value of the assets at $13,276.07. A direct tax of 2% was assessed in the amount of $279.74. The life tenant died June 23, 1944. She had consumed but $156.65 of principal. Under date of February 28, 1945, a "supplemental" appraisement of "unconsumed" assets was made, upon which a tax was assessed at 10% less a credit for 2% previously paid. The hearing judge sustained the appeal and disallowed the tax. The appeal by the Commonwealth followed.

The prescribed statutory method of appraising assets and assessing a transfer inheritance tax was stated in detail by the Orphans' Court of Philadelphia County in *Borie's Estate,* 13 D. & C. 355. That case has been cited with approval in *Commonwealth v. Chamberlin Estate,* 346 Pa. 472, 31 A. 2d 93; *Haid Estate,* 347 Pa. 159, 32 A. 2d 25. We have uniformly decided that when assets of an estate are appraised, and the tax assessed, in the absence of an appeal, the action is final. Justice SIMPSON said in *Rowell's Estate,* 315 Pa. 181, at p. 183, 173

A. 634: "If this is a final appraisement, as it appears to have been intended to be, it ends the present controversy, for a second appraisement is without authority in law: Moneypenny's Est., 181 Pa. 309." See *Heberton Estate,* 351 Pa. 564, 565, 41 A. 2d 654. In *Heberton Estate,* supra, we adopted, per curiam, what Judge KLEIN wrote in his excellent opinion. He said, ". . . it makes no difference whether the mistake of judgment applies to the taxability of an asset, . . . or a mistaken conclusion that the remainder will be subject to the collateral tax instead of the direct. In either case, the assessment is final and conclusive on both the taxpayer and the Commonwealth and cannot be challenged except by an appeal." Id. at p. 567.

It is stated by the appraiser on the face of the present appraisement and assessment that the estate was *"Taxable at 2% See Will"*. We agree with the finding of fact and conclusion of law of the learned court below that this was a *final* appraisement and assessment and was intended so to be. The mistake of judgment by the Commonwealth in its appraisement and assessment of 1928 was the failure to appraise the value of the life estate and to assess a transfer inheritance tax of 2% thereon: *Davis's Estate,* 72 Pa. Superior Ct. 332. The widow life tenant was authorized to consume the whole principal. The transfer inheritance tax would be 2% on whatever principal the widow did in fact consume. As it would be obviously impossible to ascertain, until the widow's death, what principal she had consumed (assessable at 2%), and what residue passed to collaterals (assessable at 10%), these items should have been suspended until the life tenant's death. See *Borie's Estate,* supra. This is not a case of *after-discovered assets* covered by the Act of June 24, 1939, P. L. 721, 72 PS, secs. 2384, 2431 a. See *Heberton Estate,* supra.

The decree of the court below is affirmed at appellant's cost.