## Smith Estate

*Fred J. Wiest, Jr.,* for accountant.

GANGLOFF, P. J., December 17, 1951.—From the evidence submitted and the record in the matter, we find as follows: The accountant paid a transfer inheritance tax of $89.05. The Commonwealth claims the amount should be $92.47. The controversy stems from a deduction claimed by the accountant but disallowed by the inheritance tax appraiser. Decedent died seized of personalty and real estate. The real estate was sold by the administrator for $3,800. For its services in administering and making sale of the real estate the administrator deducted a commission of five percent of the sale price or $190. The Commonwealth refused to

allow this commission as a deduction; however, it allowed full deduction of commissions on the personal estate. If the disputed deduction can be allowed the amount paid by the accountant, namely $89.05, will represent payment in full of the tax.

While this court has no jurisdiction to assess an inheritance tax or to modify an assessment (Com. v. Chamberlin Estate, 346 Pa. 472; Haid Estate, 347 Pa. 159; Darsie Estate, 354 Pa. 540; Reynolds Estate, 359 Pa. 616), the court does have jurisdiction where there is a dispute as to a deduction. In this connection the Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of May 27, 1943, P. L. 757, provides as here applicable:

"That whenever the allowance of any deduction by the register of wills from the gross value of such estates shall be in dispute, the question of allowance shall be determined by the court having jurisdiction of the accounts of the personal representative of the decedent in the adjudication made by such court upon any such account, and . . . the adjudication confirming the account or making the award shall conclusively establish that the deduction should be allowed or disallowed, as the case may be."

In this estate the administrator, prior to the effective date of the Fiduciaries Act of 1949, would have had no control over the decedent's real estate, this for the reason that the personal estate here is sufficient to pay debts and administration expenses. However, the Fiduciaries Act of 1949 made a radical change with respect to the administration of real estate of a decedent. Section 501 of that act provides:

"A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, except real estate occupied by an heir or devisee. He shall collect the rents and income from each asset in his

possession until it is sold or distributed, and, during the administration of the estate, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it . . ."

The comment of the commission upon the above-quoted provision is of interest:

"With regard to personal estate, this section restates existing law. With regard to real estate, it is a distinct departure from existing Pennsylvania law and is based on the premise that the personal representative except as stated should have the duty as well as the right to control real estate until it is sold or distributed by decree or until control is relinquished to the heir or devisee because it is not needed for administration. The theory of the drafters has been that the legal and equitable title to real estate passes to heirs or devisees as heretofore, but that real estate should be administered as personal property, with a few minor exceptions when the nature of real estate requires a different treatment. During administration the personal representative will have the same powers over real estate as he has over personal property except as the Act makes express provisions to the contrary."

There can be no doubt, therefore, that the administrator here was required by mandate of the statute to take charge of and administer the real estate to the same general extent and for the same general purposes as is the case with the personal estate. Such undoubtedly being the case we are at a loss to understand why compensation to the administrator for administering the real estate is denied when at the same time compensation is allowed as a deduction in respect of the personalty administered. The labor involved and the responsibility assumed in the administration of per-

sonalty may be no greater than is the case with real estate—indeed, administering real estate may often require more time and labor and may involve more responsibility on the part of the personal representative than is the case with personalty—and yet a deduction for compensation is allowed in one case but not in the other. This does not make sense. In short, by reason of the change in the law relating to decedent's real estate under the provisions of the Fiduciaries Act of 1949, a deduction for compensation (commissions) to the personal representative for administering decedent's real estate should be allowed by the inheritance tax appraiser.

As to the amount of the deductions, a distinction necessarily should be made between real estate sold by the personal representative and that which is not sold but is awarded in kind. With the latter we are not here concerned. The sale in the estate here was made under authority of section 541 of the Fiduciaries Act of 1949. We can see no material difference, so far as labor and responsibility is concerned, between a sale of real estate and a sale of bonds or shares of stock or other personalty. The sale price of the real estate here was for a modest amount and in our judgment five percent of the amount is reasonable compensation. In reaching this conclusion we realize that in many cases only three percent has been approved; however, in view of the added duties imposed upon the personal representative by the Fiduciaries Act of 1949, we believe in the instant case that five percent is warranted.

In view of the foregoing the account showing payment of $89.05 for transfer inheritance tax will be confirmed, thereby, in effect, approving the deductions claimed by the accountant and disallowing the claim of the Commonwealth for additional tax.