## Brant Estate

*Simon K. Uhl,* for appellant.
*Walker and Kimmel,* for Commonwealth.

LANSBERRY, P. J., June 27, 1958.—George S. Brant died testate March 24, 1957. On June 22, 1957, the executrix filed the estate's inventory and appraisement of the assets of the estate consisting of both real and personal property. On June 26, 1957, the inheritance tax appraiser filed a valuation of the assets of the estate for inheritance tax purposes. The docket in the orphans' court office does not show on what date notice of the filing of the Commonwealth's valuation for inheritance tax purposes was given to the estate, either to the executrix or the attorney for the estate, and we may assume therefore that such notice was given on June 26, 1957.

On August 26, 1957, the executrix filed an appeal from the Commonwealth's valuation of decedent's estate and on the same day a citation was allowed by the court directing the Commonwealth to show cause why the appeal should not be sustained. Although no answer was filed by the Commonwealth, the latter's counsel presented a brief contending that the appeal should be dismissed because it was not perfected within the 60-day statutory period allowed by law. The contention of the Commonwealth cannot be sustained.

The Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, art. II, sec. 13, as variously amended, 72 PS §2327, provides for appeals from appraisements for inheritance tax purposes, the pertinent language of the act being as follows:

"Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within sixty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever

tax shall be fixed by the court. The appeal shall specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the court. Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme Court."

The appeal must be perfected within 60 days of the time when notice of the filing of the appraisement by the Commonwealth's officer was given; otherwise it is too late: Jones' Estate 390 Pa. 599, 606; Hoffman Estate 14 D. & C. 2d 528.

Relying on the presumption that public records are valid and correct and that the official acts involved in their preparation have been properly performed (Cameron Estate, 388 Pa. 25), we may assume that notice of the filing of the appraisement by the Commonwealth's officer was given on June 26, 1957, which therefore becomes the date from which the computation of the 60-day statutory period must be made.

In applying the rule above noted and computing the 60 days within which the executrix was permitted to file an appeal in this case, the Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, sec. 38, 46 PS §538, is controlling. That section is as follows:

"When any period of time is referred to in any law, such period in all cases, except as otherwise provided in sections thirty-nine and forty shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

The statute enacted for the computation of time is in reality the decisional law of the Commonwealth as it

was understood for a number of years prior to the act: Tellip v. Home Life Insurance Company of America, 152 Pa. Superior Ct. 147. Applying the statute for the computation of time to the facts presently before the court for determination compels the conclusion that the appeal was perfected within the statutory period of 60 days and therefore the contention of the Commonwealth must be declined.

Darsie Estate, 354 Pa. 540, relied upon by the counsel for the Commonwealth is clearly not applicable to the point here raised.

For the reasons above set forth we enter the following

### Decree

Now, June 27, 1958, the citation and rule awarded in the appeal from the transfer inheritance tax appraisement having come on for preliminary consideration by the court and the same having been examined and considered, the right to appeal is sustained and the appeal is ordered set down for hearing on the merits of the appeal.