## Carver Estate.

Argued April 22, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*H. Durston Saylor, II,* with him *Howard M. Lutz* and *Alexander Henry Carver,* for appellants.

*Donald M. McCurdy,* Special Assistant Attorney General, with him *Francis J. Gafford,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

This is an appeal from the decree of the Orphans' Court of Delaware County, dismissing an appeal from the action of the register of wills of that county in appraising and assessing an inheritance tax on certain remainder interests in the estate of J. Henry Carver, deceased. The issue raised concerns the appropriate time to appraise such remainder interests under the Inheritance Tax Act of June 20, 1919, P. L. 521, 72 P.S. §§2301-2307.[1]

---

[1] This Act has been repealed only so far as it relates to estates of decedents dying on or after January 1, 1962. Act of June 15, 1961, P. L. 373, 72 P.S. §2485-1201. It remains in full force and effect for the estates of all decedents dying before that day. Id, 72 P.S. §2485-103.

In 1906, J. Henry Carver, the decedent, placed the sum of $40,000 in trust, naming his brother Charles as trustee, and reserving an income interest for himself for life, and thereafter for his wife for life or until she remarried. Upon the occurrence of either of the latter two events, the corpus of the trust was to go to decedent's surviving children, or, in default thereof, as he might appoint by will.

In 1919, J. Henry Carver died without issue, leaving a will in which he directed the trustee, upon the termination of his wife's interest, to pay the principal of the 1906 trust to eight named beneficiaries.

Decedent's brother Charles was named executor of the estate. On the basis of the inventory filed with the register of wills, the estate was appraised and a tax assessed at the appropriate rate. However, the appraisal did not include the remainder interests under the 1906 deed of trust over which decedent had retained and exercised a power of appointment. Consequently, no inheritance tax was assessed or paid on those interests.

Decedent's wife died without having remarried in 1963. In April of that year, the trustees'[2] account was called for audit and the trust res awarded in accordance with the power of appointment exercised by decedent in his will, subject to the payment of any inheritance tax which might become due. The register of wills thereafter appraised the remainder interests and assessed an inheritance tax at the applicable rate. The trustees appealed the appraisement and assessment to the Orphans' Court of Delaware County and, upon an adverse determination in that court, brought the present appeal.

---

[2] Alexander Henry Carver and The First Pennsylvania Banking and Trust Company, appellants herein, were appointed succeeding trustees upon the death of Charles Carver.

Appellants contend that the Act of 1919 requires the Commonwealth to include all the taxable items of a decedent's estate in a single appraisement. Although it is agreed that the Commonwealth may expressly reserve a decision on any particular item, *Commonwealth v. Chamberlin Estate*, 346 Pa. 472, 31 A. 2d 93 (1943), in the absence of such reservation, it is contended that only fraud, accident or mistake will permit the Commonwealth to appraise at a later date an item not included in its original appraisement. Since appellants deny that there is any evidence of fraud, accident or mistake on the present record, they contend that the failure of the Commonwealth to include the trust corpus in its original appraisement, and its failure to reserve the trust corpus for future valuation, precludes the present appraisement.

The court below rejected this contention, holding that under the Act of 1919 the appropriate time to appraise an interest postponed in possession or enjoyment until the expiration of a life estate or estate for years is either at the time the remainderman exercises his statutory option to prepay the tax, or, absent such election, at the time the remainderman comes into actual possession or enjoyment. Our review establishes that the court below correctly interpreted the Act.

Subject to enumerated conditions, the Act of 1919 imposes a tax upon the transfer of any property or interest therein by a decedent and, when the taxable transfer is of a future interest, provides: "Where there is a transfer of property by . . . bequest . . ., liable to the tax hereinbefore imposed, which . . . bequest . . . is to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the

estates for life or years. *The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner,* but the owner may pay the tax at any time prior to his coming into possession. In such case *the tax shall be assessed on the value of the estate at the time of the payment of the tax,* after deducting the value of the life-estate or estates for years. . . ." (Emphasis supplied.) Act of June 20, 1919, P. L. 521, §3, 72 P.S. §2304.

As a reading of this section of the Act makes clear, the inheritance tax imposed upon future interests is to be based upon the value of those interests at the time the ultimate owner either prepays the tax or actually comes into possession or enjoyment of the property. Thus, an appraisal of the value of such interests at any other time would constitute a meaningless act. Even if the Commonwealth had appraised the remainder interests under the 1906 deed of trust at the time of decedent's demise, as appellants contend it was required to do, a second appraisement would now be required in order to comply with the statutory direction that the tax be assessed "upon the value of the estate at the time the right of possession accrues to the owner." Act of June 20, 1919, P. L. 521, §3, 72 P.S. §2304. In the instant case, the right of possession did not accrue until the expiration of the interest of decedent's wife in 1963. It was, therefore, not until that time that an appraisal of any legal significance could have been made by the Commonwealth. We are unable to adopt a construction of the Act of 1919 which would place upon the Commonwealth the duty to engage in an appraisement of future interests which would be binding upon neither itself nor the ultimate owner of the interest appraised. *Pickering Estate,* 410 Pa. 638, 190 A. 2d 132 (1963).[3]

---

[3] Although the Court in *Pickering Estate* was primarily concerned with the issue of whether certain taxes, deducted from de-

Appellants, however, rely upon *Reynolds Estate,* 359 Pa. 616, 60 A. 2d 57 (1948) ; *Darsie Estate,* 354 Pa. 540, 47 A. 2d 815 (1946) ; *Heberton Estate,* 351 Pa. 564, 41 A. 2d 654 (1945) ; *Ernst's Estate,* 317 Pa. 367, 177 Atl. 19 (1935) ; and *Rowell's Estate,* 315 Pa. 181, 173 Atl. 634 (1934), as supporting their construction of the Act of 1919. We do not agree. Despite the presence of dictum in those cases, none decided the issue presently before us.

In *Reynolds Estate,* supra, the issue was the Commonwealth's right to appraise a life estate in a separate appraisal. In *Darsie Estate,* supra, and *Heberton Estate,* supra, the Commonwealth was precluded from appraising the remainder interests there involved at the time the preceding life estates expired, since it had previously appraised and assessed a tax upon the assets comprising the trust corpus as a part of the decedent's estate passing to the life tenant, who, in both cases, enjoyed the power to consume the corpus of the trust. Neither *Ernst's Estate,* supra, nor *Rowell's Estate,* supra, involved an attempt to appraise an interest in property delayed in possession or enjoyment until after

cedent's residuary estate prior to placing it in trust, should be "added back" in appraising the remainder interest in the trust for state inheritance tax purposes, the assumption was necessarily made that the date of appraisal, under the facts of that case, should be the date the tax was paid. Had it been assumed that the remainder interests should be appraised as of the date of decedent's death, there would have been no dispute. Moreover, in holding that such taxes are not to be included in appraising the remainder interest under the trust, the Court relied upon the fact that a contrary holding could result in a tax being assessed on an asset which had so depreciated in value following decedent's death that the tax imposed was more than the present market value of the asset being taxed. This same reasoning supports the Court's assumption that the proper time for appraisal of such interests must be either when the remainderman elects to prepay the tax or when he comes into actual possession or enjoyment.

the death of the testator. We are thus unable to conclude that the cases relied upon by appellants compel a result contrary to that reached by the court below.

Accordingly, the decree entered below must be affirmed.

Decree affirmed. Costs on appellants.