355 A.2d 577

**ESTATE of Jacob L. MILLER, Deceased.**

**Appeal of COMMONWEALTH of Pennsylvania.**

Supreme Court of Pennsylvania.

Argued May 5, 1975.

Decided April 7, 1976.

194

Vincent J. Dopko, Dep. Atty. Gen., Harrisburg, for appellant.

Samuel S. Laucks, Jr., Laucks & Monroe, Fred E. Kilgore, York, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and NIX, JJ.

## OPINION

JONES, Chief Justice.

Jacob L. Miller died on November 3, 1971, leaving an original will, with various codicils thereto, containing many interlineations and deletions. A "copy fair" was duly probated from which no appeal was taken. The will and its codicils were interpreted by the auditing judge to bequeath the residue of the testator's estate, in trust, for the benefit of his widow for life and, at her death, 61% thereof to pass to certain named charities and the remaining 39% of such residue to continue in trust for the benefit of testator's four children, for their respective lives, with remainder to their issue. The will also contains a provision that all death taxes be paid from the

residue of the state with authority to the executors to prepay such taxes on future interests.

During the period of administration the executors paid federal estate taxes in the sum of $121,477.21 and Pennsylvania transfer inheritance taxes "on account" in the sum of $35,123.20. Thereafter, on August 22, 1973, pursuant to Section 714(a) [1] of the Pennsylvania Inheritance and Estate Tax Act of 1961, *as amended*, the executors filed an election to prepay the Pennsylvania inheritance taxes on the future interests in the 39% of the residue which, after the widow's death, would ultimately vest in possession in the testator's descendants.

Pursuant to such election, the Commonwealth's appraiser valued such remainder interests, as of the date of such election, at the sum of $457,415.16. This amount constituted (1) $300,814.75 or the undisputed value of the assets existing and present in the residuary trust on the date of the election; *plus* (2) the previously paid federal estate and Pennsylvania inheritance taxes. This created a tax liability of $131,644.31. It is the estate's contention that it was error for the Commonwealth to *add back* the previously paid federal estate and Pennsylvania inheritance taxes, and that the estate's tax liability should be determined solely by reference to the value of the residuary trust on the date of the election.

**1.** Section 714(a) of the Inheritance and Estate Tax Act of 1961, *as amended,* provides:

"Payment Date; future interest; payment after nine (9) months from Decedent's Death; contingencies

(a) Payment After Nine (9) Months from Decedent's Death. At any time after nine (9) months from the decedent's death, and prior to the vesting of a future interest in possession and enjoyment a fiduciary, or any party in interest, may elect, by a writing filed with the register, to have the value of a future interest determined as of the date of the filing of such election and to pay the tax assessed thereon. Such tax shall become delinquent at the expiration of three (3) months from the filing of the election."

Act of June 15, 1961, P.L. 373, Art. VII, § 714, 72 P.S. § 2485–714, *as amended,* Act of June 17, 1971, P.L. 173, No. 15, § 1.

██ From this valuation by the Commonwealth the estate filed a protest to the Inheritance Tax Board;[2] and a decision by the Protest Board was rendered on December 21, 1973, sustaining the valuation of the Commonwealth. The estate appealed the Board's decision to the Court of Common Pleas of York County, Orphans' Court Division, as provided by Section 1003 of the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, Art. X, § 1003, 72 P.S. § 2485–1003. The court in an able opinion sustained the estate's contention and modified the appraiser's valuation, holding that it was error for the Commonwealth's appraiser to add back the federal estate taxes in fixing the value of the remainder interests and that it was also error for the appraiser to add back the Pennsylvania inheritance taxes unless a portion of those taxes was paid on account. 24 Fiduc. Rep. 459 (1974). This appeal followed.[3]

The Commonwealth contends here, as it did before the Court of Common Pleas of York County, that in deter-

---

2. Pursuant to Act of June 15, 1961, P.L. 373, Art. X, § 1001(1), 72 P.S. § 2485–1001(1).

3. Pursuant to Act of July 31, 1970, P.L. 673, Art. II, § 202(3), 17 P.S. § 211.202(3).
   While no exceptions were taken to the Orphans' Court's decree by the Commonwealth, the Commonwealth's failure to file exceptions does not constitute a waiver under *Dilliplaine v. Lehigh Valley*, 457 Pa. 255, 322 A.2d 114 (1974). Section 7, Rule 1, of this Court's Orphans' Court Rules provides:
   "*Exceptions*
   Exceptions shall be filed at such place and time, shall be in such form, copies thereof served and disposition made thereof as local rules shall prescribe."
   In accordance with this section York County adopted Rule 75.1. That Rule provides:
   "No exceptions shall be filed to orders or decrees entered unless the right to except is expressly conferred by Act of Assembly, by general rule, or unless specifically allowed in the order or decree, and all decrees other than those to which exceptions are so allowed shall be final."
   Since no right to except was expressly conferred and since the lower court's decree did not specifically allow the parties to file exceptions, the failure of the Commonwealth to file exceptions in this case cannot be deemed a waiver of the issues now under consideration.

mining the value of the aforesaid remainder interest for inheritance tax purposes, all federal estate and Pennsylvania inheritance taxes theretofore paid must be included, *i. e.*, added back, to increase the total value of the taxable remainder given to the Miller Estate residuary trust. The resolution of this issue depends upon the correct interpretation of the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, 72 P.S. §§ 2485–714(a), *as amended*, and 2485–651. This Act is applicable to estates of decedents dying after January 1, 1962.

Under the Pennsylvania Inheritance and Estate Tax Act of 1961, the tax on a future interest may be paid in any of three ways. First, under Section 713(a), *as amended:*

"At any time within nine (9) months after the decedent's death, the personal representative or any party in interest may elect, by a writing filed with the register, to have the value of a future interest determined as of the date of decedent's death and to pay the tax assessed thereon."

Second, pursuant to Section 506, the remaindermen may have the interest valued and pay tax thereon as of the date the interest takes effect in possession and enjoyment. Third, under Section 714(a), *as amended*, the fiduciary, any time following nine months of decedent's death and prior to the future interest taking effect in possession and enjoyment, may elect to prepay the tax on the future interest.

The executors in this case chose to prepay the tax on the residuary trust pursuant to Section 714(a), *as amended*.[4] In conjunction with Sections 713 and 714, *as amended*, Section 506 of the Act sets forth the valuation date of a future interest as the date it takes effect in possession and enjoyment or, if an election to prepay is made after nine months of decedent's death, then the

4. *See* footnote 1, supra.

date of said election.[5] The Commonwealth is now contesting the conclusion of the court below that no previously paid federal estate tax and Pennsylvania inheritance tax assessed on the prior possessory interests should be added back when computing the value of the remainder interest as of the election date.

The Commonwealth bases its add-back theory in its brief on Section 651 of the Act, which provides:

"E. Future Interests—Cost and Taxes—Deductible

All reasonable expenses of administration, incurred after assessment of the inheritance tax on prior interests, and all death taxes paid out of property supporting such prior interests, shall not be included in the appraisement in determining the value of a future interest on the valuation date. This section shall not apply when the tax is paid under the provisions of sections 713(a) and 714(a)."

Act of June 15, 1961, P.L. 373, Art. VI, § 651, 72 P.S. § 2485–651. Thus, the Commonwealth contends that on the date of valuation of the remainder interest the failure to add in prepaid death taxes amounted to an im-

5. Section 506 of the Inheritance and Estate Tax Act of 1961 provides:

"Valuation date; future interest

Except as otherwise expressly provided in this act, the valuation date of a transfer of any interest in property to take effect in possession and enjoyment after the expiration of one or more interests for a term of years, for life, or for other limited period, shall be the date of such interest takes effect in possession and enjoyment. The tax shall be computed upon the value of the interest at such date. Except as otherwise expressly provided, when the tax on the future interest is paid prior to its taking effect in possession and enjoyment, the tax shall be computed upon the value of the interest at such date. Except as otherwise expressly provided, when the tax on the future interest is paid prior to its taking effect in possession and enjoyment, the tax shall be computed upon the value of the interest in the property at the applicable date specified in section 713 or 714, diminished by the then value of the preceding limited estate or estates, as determined under the appropriate sections of this Article."
Act of June 15, 1961, P.L. 373, Art. V, § 506, 72 P.S. § 2485–506.

proper deduction under Section 651. The court below did not agree. We affirm.

In analyzing this issue we must examine the statutory predecessors to the present Act and our relevant case law. The predecessor to the Inheritance and Estate Tax Act of 1961 was the Act of June 20, 1919, P.L. 521, *as amended*, 72 P.S. § 2302, which is no longer applicable to persons dying on or after January 1, 1962. Section 2 provided:

"All taxes imposed by this act shall be at the rate of [fifteen] per centum upon the clear value of the property subject to such tax passing to . . . [collaterals] . . . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent and expenses of the administration of such estates, and no deduction whatsoever shall be allowed for or on account of any taxes paid on such estates to the Government of the United States or to any other State or Territory."

Section 3 of the Act governed the assessment of inheritance tax upon the value of the future interest at the time the right of possession accrues to the owner.

"Where there is a transfer of property by a . . . bequest . . . liable to the tax hereinbefore imposed, which . . . bequest . . . is to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates or a period of years, the tax on such estate shall not be payable, nor shall interest begin to run thereon, until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years. The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner, but the owner may pay the tax at any time prior to his coming into possession. In such cases the tax shall be assessed on the

value of the estate at the time of the payment of the tax, after deducting the value of the life-estate or estates for years. . . ."

In *Pickering Estate*, 410 Pa. 638, 190 A.2d 132 (1963), this Court was faced with a factual situation similar to the case at bar which necessitated an interpretation of these predecessor statutes to the current Inheritance and Estate Tax Act. In *Pickering* the executor first paid the inheritance tax "due by reason of present interests under Pickering's will." 410 Pa. at 641, 190 A.2d at 133. Some time later, pursuant to Section 3 of the Inheritance and Estate Tax Act of 1919, he chose to prepay the tax on the remainder interests left under the will. The problem as Mr. Chief Justice Bell presented it was as follows:

"The Commonwealth claimed a collateral inheritance tax on the remainder set apart for Anna's children [testator's niece's children] and issue based upon the value of their remainder interest at the *date of testator's death* [December 7, 1955]. The executor on the other hand contended that the tax should be based upon a taxable value of the gifts in the remainder, computed as of February 9, 1959 instead of the date of testator's death. More specifically, the Commonwealth contends that in determining the value of the aforesaid remainder interest for inheritance tax purposes, all Federal Estate taxes theretofore paid must be included, i. e., added back, to increase the total value of the taxable remainder given to Anna's children and issue." 410 Pa. at 641–42, 190 A.2d at 133–34.

In valuing the remainder interest in *Pickering Estate*, the Court relied upon the language in *Simpson's Estate*, 332 Pa. 115, 2 A.2d 851 (1938), where we stated:

"Section 3 of the act provided that 'the tax . . . shall not be payable . . . until the person or persons liable for the same shall come into actual possession of such estate, by the termination of the estates for life or years, and the tax shall be assessed upon the

value of the estate at the time the right of possession accrues to the owner as aforesaid.' The party entitled to the subsequent interest is given a choice, however, 'to pay the tax at any time prior to his coming into possession, and, in such cases, the tax shall be assessed on the value of the estate at the time of the payment of the tax, after deducting the value of the life estate or estates for years.' "

332 Pa. at 117, 2 A.2d at 852. *See also Carver Estate*, 422 Pa. 609, 222 A.2d 882 (1966); *Heberton's Estate*, 51 Pa.D. & C. 285, 295 (1944), *aff'd per curiam*, 351 Pa. 564, 568, 41 A.2d 654, 656 (1945).

Thus, the Court in *Pickering Estate, supra*, concluded that when the tax is prepaid under Section 3 the value of the remainder is determined as of the date of payment of the tax. In answering the Commonwealth's contention that such a method of valuation would result in an impermissible deduction under Section 2, unless the previously paid federal estate taxes were added back, the Court quoted with approval part of the opinion in *Oberdorfer Estate*, 20 Pa.D. & C.2d 719, 735, 10 Fiduc.Rep. 358, 375 (1960):

"The argument that in this case we are concerned with 'deductions' . . . . is without merit. The Commonwealth attempts to add something to the value of the estate being taxed. The taxpayer does not claim a deduction."

410 Pa. at 645, 190 A.2d at 135.

Accordingly, this Court held that it was error for the Commonwealth to add back previously paid taxes where a taxpayer elected under Section 3 to prepay the tax on his remainder interests. While the legislature repeatedly amended the Act of 1919 after its enactment, it never changed Section 3 or any part thereof until 1961.[6] On

6. The 1961 Act is the predecessor of the statute which applies in the instant case. It is identical in all respects except that the

the contrary, when in 1951 the Department of Revenue sponsored House Bill H–1361 to amend Section 3 of the Inheritance and Estate Tax Act of 1919 so that its language would compel the construction urged by the Commonwealth in *Pickering Estate,* and in the instant case, the bill did not pass. *Pickering Estate,* 410 Pa. at 638, 190 A.2d at 137.[7] Thus, in analyzing the current Section 714(a) and its interplay with Section 651, we are confronted with a long statutory history where the legislature by express action has approved the practice of *not* including federal estate tax in appraising a future interest such as here at issue.

■ In determining the tax effect of prepayment and valuation under Section 714(a) of the current Act, we are also faced with a clear mandate from the legislature that our prior construction of its statutory predecessor, Section 3 of the Act of 1919, is to prevail. The comment to Section 714(a) in the Joint State Government Commission Report on the Inheritance and Estate Tax Act of 1961, *as amended,* states:

> "This subsection, in conjunction with Section 506, is in conformity with existing law insofar as it permits prepayment of tax on future interest, at the value of such interest determined as of the date election is made to prepay the tax: Act of 1919, P.L. 521, § 3, as amended."

The legislative intent and language providing for the valuation and payment of the tax pursuant to Section 714(a), *as amended,* "could not be clearer; and no reference whatsoever is made therein to the subject of deduct-

1971 amendments changed the one-year provision in the 1961 Act to nine months in both Sections 713(a) and 714(a).

7. The proposed "Inheritance and Estate Tax Act of 1959," House Bill 1195 of the 1959 session of the legislature, was a substantial equivalent of the Inheritance and Estate Tax Act of 1961. However, due to a controversy over inclusion of Article XI, which set up restrictions for entry into the safe deposit box of a decedent, the bill was defeated.

ing or 'adding back' Federal [or other state] taxes in determining the taxable 'value of the estate at the time of the payment of the tax.'" *Pickering Estate,* 410 Pa. at 643, 190 A.2d at 134. Thus, our prior holding in *Carver Estate,* 422 Pa. 609, 222 A.2d 882 (1966), where, in construing the 1919 statute, we held that the appropriate time for appraising an interest postponed in possession or enjoyment until the expiration of a life estate for years is either at the time the remainderman exercises his statutory option to prepay the tax, or, absent such election, at the time the remainderman comes into actual possession or enjoyment, is applicable to the construction of the statute currently before us.

The Commonwealth would have us disregard the statutory directions of Sections 506 and 714(a), *as amended,* by a construction of Section 651 which would compel executors to add previously paid taxes in order to properly value the estate if they choose an election under Section 714(a), *as amended.* As we stated in *Pickering Estate,* that argument is without merit. 410 Pa. at 645, 190 A. 2d at 135. Faced with a clear statute which instructs one in the proper method of valuation, without any reference that the failure to add prepaid taxes would achieve an improper valuation by taking an impermissible deduction, the Commonwealth's strained construction of Section 651 is difficult to maintain. We find no deduction here at all. *See Pickering Estate, supra; Penn Trust,* 285 Fiduc.Rep. 299 (1975); *Oberdorfer Estate, supra.*

The language in Section 651 is perhaps less susceptible to the Commonwealth's construction than was its statutory predecessor, Section 2 of the Act of June 20, 1919. The latter statute clearly precluded the deduction of federal taxes. Yet, faced with the clear valuation language in Section 3 and absent the positive direction that an add back of prepaid taxes was necessary to arrive at a proper valuation of the estate, we held in *Pickering Estate,*

*supra,* that the language in Section 2 did not require the Commonwealth's construction. As with Section 2, Section 651 provides no command that the Commonwealth's construction is required.[8]

We agree with the court below that the last sentence of Section 651 excludes from its application Section 713(a), *as amended,* because the valuation date in Section 713(a), *as amended,* is the date of the decedent's death, which is before an estate's assets can be reduced by payment of death taxes and when deductions are relevant. *See Pickering Estate, supra.* In light of the legislative history and our prior case law, the exclusion of Section 714(a), *as amended,* from the application of Section 651, acts to prohibit the *deduction* of death taxes from the valuation of the future interest where the election to prepay is filed after nine months from a decedent's death but *before* death taxes may have been paid from the estate's assets. *Cf. Baylis Estate,* 36 Pa.D. & C.2d 590, 15 Fiduc.Rep. 490 (1965).

Furthermore, if there were any reasonable doubt in this case as to the proper construction of the Act of 1961, *as amended,* and we think none exists, the legislature has directed that all doubts should be resolved in favor of the taxpayer and most strongly against the taxing authorities. Act of May 28, 1937, P.L. 1019, Art. IV, § 58, 46 P.S. § 558; *Mastrangelo v. Buckley,* 433 Pa. 352, 250 A. 2d 447 (1969); *Pickering Estate, supra.*

The final argument presented by the Commonwealth is that the Court's interpretation of Section 714(a), *as amended,* would result in non-uniform taxes in violation of Article VIII, Section 1, of the Pennsylvania Constitution. The non-uniformity results, the Commonwealth argues, because a different tax figure will be obtained

8. Our construction today is in accord with our observations in *Pickering Estate,* 410 Pa. at 648–50, 190 A.2d at 139. *See also* Smith and Grossman, Pa. Inheritance and Estate Tax, § 651–2, at 50 (1971).

depending upon which election is chosen by the estate. We believe this argument to be without merit.

"'Uniformity requires substantial equality of tax burden [citations omitted]. While taxation is not a matter of exact science and perfect uniformity and absolute equality in taxation can rarely ever be attained [citation omitted], the imposition of taxes which are to a substantial degree unequal in their operation or effect upon similar kinds of business or property, or upon persons in the same classification, is prohibited [citations omitted]. Moreover while reasonable and practical classifications are justifiable where a method or formula of computing a tax will, in its operation or effect, produce arbitrary or unjust or unreasonably discriminatory results, the constitutional provision relating to uniformity is violated [citations omitted].'"

*Amidon v. Kane*, 444 Pa. 38, 48–9, 279 A.2d 53, 59 (1971).

■ In this case the legislature's tax upon future interests is uniform because every future interest, without exception, is subject to the tax imposed by the Inheritance and Estate Tax Act of 1961, *as amended.* Since every future interest is subject to the same valuation options, it insures equality of tax burdens and benefits. This is not a case like *Kelley v. Kalodner*, 320 Pa. 180, 181 A. 598 (1935), *Saulsbury v. Bethlehem Steel Co.*, 413 Pa. 316, 196 A.2d 664 (1964), or *Amidon v. Kane, supra,* where, because the taxing scheme either gave non-uniform exemptions or a graduated rate or both, we found it was non-uniform and thus constitutionally deficient. Under the Inheritance and Estate Tax Act of 1961, *as amended,* every future interest is subject to the same statutory scheme.

Decree affirmed. Costs on appellant.

MANDERINO, J., did not participate in the consideration or decision of this case.

POMEROY, J., filed a dissenting opinion.

POMEROY, Justice (dissenting).

This appeal involves the valuation, for Pennsylvania inheritance tax purposes, of future interests upon which inheritance tax is prepaid under Section 714(a) of the Inheritance and Estate Tax Act of 1961, Act of June 15, 1961, P.L. 373, Art. VII, § 714(a), as amended, 72 P.S. § 2485-714(a) (Supp.1975) [hereinafter the Act of 1961]. The question for decision is whether, in computing the value of such a future interest, the amount of federal and state death taxes on prior interests paid out of the corpus of the estate is to be included in the valuation of the future interest. The majority of the Court answers this question in the negative, as did the court below.[1] I am persuaded that in so doing the Court disregards the unequivocal legislative answer to the contrary as contained in Section 651 of the Act of 1961, 72 P.S. § 2485-651. I therefore respectfully dissent.

The date of valuation of property the transfer of which is subject to the Act of 1961 is normally the date of the transferor's death. Section 501 of the Act, 72 P.S. § 2485-501. The time of valuation of a transfer of a future interest, however, is normally the date such interest takes effect in possession and enjoyment. "The tax shall be computed upon the value of the interest at such date." Section 506 of the Act, 72 P.S. § 2485-506. A personal representative of the decedent, or any party in interest, may, however, elect to prepay the tax on a future interest without waiting for the interest to fall in. *Ibid.* If an election to prepay the tax is filed within nine months of the decedent's death the value of the future interest is its value on the date of the decedent's death. Section

1. As far as I am aware, the only case, other than the case at bar, in which this issue has been decided is *Penn Trust*, 25 Fiduciary Rep. 299 (C. P. Venango Co., 1975). In *Penn Trust*, the court reached the same conclusion as did the court below in the instant case and as does this Court today.

713(a) of the Act of 1961, 72 P.S. § 2485–713(a) (Supp. 1975). If an election to prepay the tax is filed later than nine months after the decedent's death and prior to the vesting of the future interest in possession and enjoyment, the value of the future interest is its value on the date of the election. Section 714(a) of the Act of 1961, 72 P.S. § 2485–714(a) (Supp.1975). In the case at bar, the executors of the estate of Jacob Miller chose to prepay the inheritance tax on a portion of the remainder interest in the residuary trust almost two years after the testator's death, but while the life estate was still subsisting. Thus, the provisions of Section 714(a), *supra,* are applicable.

With regard to the inclusion of administration expenses and taxes in the valuation of a future interest, Section 651 of the Act of 1961, *supra,* provides:

> "All reasonable expenses of administration, incurred after assessment of the inheritance tax on prior interests, and all death taxes paid out of property supporting such prior interests, shall not be included in the appraisement in determining the value of a future interest on the valuation date. This section shall not apply when the tax is paid under the provisions of sections 713(a) and 714(a)."

Although the first sentence of this provision is phrased rather awkwardly, its meaning seems clear enough: where death taxes have been paid on prior interests out of property supporting those interests (and which thereafter becomes the future interest estate payable to the remainderman), the future interest is valued, when it vests, as diminished by such taxes (and also by administration expenses incurred following the assessment of such taxes). Thus federal estate and state inheritance taxes, already paid out, are not to be added back in when valuing a future interest where the tax on that interest is paid at the time the interest vests in possession and

enjoyment.[2]  This instruction of the first sentence of the section is then immediately countermanded by the second sentence with respect to taxes paid under Sections 713(a) and 714(a).  That is, where an election is made to prepay the tax on a future interest—whether as of the date of death under Section 713(a) or as of the date of election at any time after nine months from the date of death under Section 714(a)—the amounts of such taxes paid on prior interests are to be included in the appraisement of the future interest.

This view is in accord with that expressed by a leading text on Pennsylvania inheritance taxation:

"§ 651 conforms with the prior practice to the extent that it does not require the inclusion in the appraisement of a future interest (at the date it comes into possession and enjoyment) of death taxes and administration expenses theretofore paid out of the corpus thereof.  Thus, death taxes  .  .  .  are in effect made deductible in the limited circumstance of tax on future interests which is *not* prepaid.

"The question then arises as to the rule to be applied when future interest tax is prepaid under .  .  .  §§ 713 or 714.  .  .  .  § 651 expressly states that its provisions are inapplicable in such situations, and the conclusion therefore seems inescapable that the appraisement of a future interest upon the occasion of an election to prepay tax thereon is to include the addition back of death taxes and administration expenses theretofore paid out of the property supporting such future interest."  R. Grossman & M. Smith, Revised

2.  In *Baylis Estate*, 36 D. & C.2d 590 (O. C. Phila. Co., 1965) it was held that the value of the remainder interest being appraised following the death of the life tenant should be diminished by the amount of the Federal Estate Tax on the life estate, although that tax had not been paid at the time of the death of the life tenant. Thus the words "paid out" in the first sentence of § 651 were read to mean "paid out or payable out."  This seems a reasonable construction.

Pennsylvania Inheritance and Estate Tax § 651–2 at 50 (1971).[3]

The Court's opinion effectively ignores the legislative direction in the second sentence of Section 651. Instead, it relies upon the contrary result reached in *Pickering Estate*, 410 Pa. 638, 190 A.2d 132 (1963), a case decided under the now repealed provisions of the Inheritance and Estate Tax Act of 1919, Act of June 20, 1919, P.L. 521, as amended [hereinafter the Act of 1919].[4] Under Section 2 of the Act of 1919, all property, including future interests, was taxed at its "clear value", but federal estate and state death taxes were expressly made nondeductible. Nevertheless, in *Pickering Estate, supra,* this Court found that such taxes were not includible in the valuation of a future interest when the tax thereon was prepaid. Under Section 3 of the Act of 1919 the value of a future interest was its value at the time of the election to prepay the tax; the Court reasoned that it was decid-

**3.** The same interpretation has been twice stated by the editors of the Fiduciary Review. In the July, 1961, issue it is said:

"Section 651 [of the 1961 Inheritance Tax Act] codified the holding of Oberdorfer Estate, 10 Fiduc.Rep. 358, by providing that administration expenses, incurred after payment of tax on prior interests, and State and Federal death taxes paid out of property supporting such prior interests are deductible in valuing a future interest when it comes into possession and enjoyment, *but not in valuing the future interest for purposes of pre-payment of tax.*" (Emphasis added).

In the May, 1963, issue, at p. 2, it is said of the Act of 1961:

Federal Estate tax and Pennsylvania inheritance tax remain non-deductible . . . and in valuing a future interest at the time it comes into possession such taxes (and administration expenses paid from the principal prior to that time) are not 'added back'. . . . However, *if future interest tax is prepaid, the rule of Section 651 seems not to apply* because it specifically says that 'This section shall not apply when the tax is paid under the provisions of Sections 713(a) and 714(a).'" (Emphasis added).

**4.** Subject to certain exceptions which are not here relevant, the Act of 1919 was repealed by the Act of 1961. See Section 1201(4) of the Act of 1961, 72 P.S. § 2485–1201(4). The Act of 1961 is applicable to the estates of decedents dying on and after January 1, 1962. Section 103 of the Act of 1961, 72 P.S. § 2485–103.

ing a question of valuation, not one of deduction, and concluded that, after the payment of death taxes, the amount so paid is no longer part of the estate and therefore has no bearing on the valuation of future interests. *Id.* at 644–45, 190 A.2d at 134–35. In conclusory dictum, however, the *Pickering* opinion then indicated that the result would be the same under Section 714(a) of the Act of 1961, then newly enacted. *Id.* at 650, 190 A.2d at 137. It is this dictum which the Court now makes decisional;[5] I cannot agree.

Like the Act of 1919, the Act of 1961 expressly provides that federal estate and state death taxes are not deductible for inheritance tax purposes. Section 622 of the Act of 1961, 72 P.S. § 2485–622.[6] The Act of 1961 goes significantly further than its predecessor, however, in that Section 651, a wholly new provision, was added.[7] The purpose which may most reasonably be attributed to the enactment of this section is to make express provision for the special problems involved in the valuation of future interests after taxes and expenses have been paid

5. The Court today concludes that "the exclusion of Section 714(a), as amended, from the application of Section 651 acts to prohibit the *deduction* of death taxes from the valuation of the future interest where the election to prepay is filed after nine months from a decedent's death but *before* death taxes may have been paid from the estate's assets." Opinion of the Court, *ante* at 583. Under this view, whether federal estate and state death taxes are included in the valuation of a future interest is entirely dependent upon whether the taxes are paid before or after valuation occurs. Although this construction is in accord with the law under the Act of 1919, R. Grossman & M. Smith, Revised Pennsylvania Inheritance and Estate Tax § 651–1 (1971), it leads to an arbitrary result and is therefore to be avoided. See § 1922(1) of the Statutory Construction Act, 1 Pa.C.S. § 1922(1).

6. See Section 601 of the Act of 1961, 72 P.S. § 2485–601, which provides in part that "[t]he only deductions from the value of the property transferred shall be those set forth in this Article." See also *Lazar Estate*, 437 Pa. 171, 260 A.2d 734 (1970).

7. The Opinion of the Court, *ante* at 582, refers to the failure of the legislature in 1951 to pass House Bill H–1361, which would have amended Section 3 of the Act of 1919, supra, to adopt the position advanced by the Commonwealth. I am unable to see the relevance of legislative non-action in 1951 to a determination of the intent of the legislature in enacting Section 651 in 1961.

from the supporting estate relative to the preceding interest. Furthermore, in my view the reference to Section 714(a)—as well as Section 713(a)—in the last sentence of Section 651 was designed to change the then-existing law as reaffirmed in *Pickering Estate*,[8] to assure that an election to prepay the tax on a future interest at some time after nine months following the date of death would *not* result in a deduction for death taxes on the prior interest, whether or not such prior interest taxes had been paid at the time of election. There is no compulsion to prepay the remainder tax; it is an option available to the taxpayer which he may take or leave,[9] but there is no indication that the legislature intended that by exercising the option more than nine months after death, the taxpayer would obtain deductions that would not be enjoyed were the prepayment made as of the time of death.

I would remand for further proceedings consistent with Section 651 as interpreted above.

8. Although *Pickering Estate* was decided after enactment of the Act of 1961, the Court relied upon the practice of the Department of Revenue between 1919 and 1954 and upon prior decisions by the courts of Pennsylvania. See *Oberdorfer Estate*, 20 D. & C.2d 719 (O. C. Philadelphia Co., 1960), on which the opinion of Chief Justice Bell relied in *Pickering*. 410 Pa. at 645 and 650, 190 A.2d at 135 and 137.

The Opinion of the Court, *ante* at 582, cites the Joint State Government Commission comment to Section 714(a), supra, for the proposition that the legislature did not intend by enacting the Act of 1961 to change the law stated in *Pickering Estate* and *Oberdorfer Estate*. This comment merely states, however, that "[t]his subsection : . . is in conformity with existing law insofar as it permits prepayment of tax on future interest, at the value of such interest determined as of the date election is made to prepay the tax . . . ." Nowhere is it suggested by the Commissioners that the legislature intended to preserve prior law with regard to the method by which a future interest is to be valued when an election to prepay the tax has been filed. Had that been the intention, there would have been no need whatever for the addition of Section 651 in the 1961 inheritance tax act.

9. A variety of factors may influence a decision to prepay the tax at a time which is more than nine months after the date of death but before the remainder falls in. Among these would be the taxpayer's analysis of the current market situation relative to the items composing the corpus of the supporting estate, and his estimate of the likely behavior of the market during the expected duration of the prior interest.