**Sheesley Estate**

*Vincent J. Dopko, Deputy Attorney General*, for Commonwealth.

*J. Bruce Walter*, for appellant.

SWOPE, *P.J.*, August 10, 1978—We have before us an appeal from the Commonwealth's appraise-

ment for inheritance tax purposes in the estate of Amy S. Sheesley. The parties have joined in a stipulation setting forth all the facts necessary for an adjudication of this matter.

Decedent's husband, J. Harry Sheesley, died testate on April 27, 1953. In his will he provided for his wife a bequest of $10,000, and a life estate in the income from a testamentary trust comprised of the residue of his estate. Upon the death of his wife, the trust was to terminate and the three Sheesley children thereafter to receive equal shares of the principal.

Decedent, Amy S. Sheesley, elected to take against her husband's will and thereby acquired a present interest in one-third of his estate. As a further result of her election, the remaining two-thirds of the estate passed to the three children in equal shares. On July 31, 1953, decedent and the three children transferred their respective interests in the estate of J. Harry Sheesley to appellant as trustee. Under the trust agreement, decedent was entitled to a life estate in the income from the trust and such principal as the trustee in its discretion deemed necessary for her proper care, comfort, and support. Upon her death, the trust was to terminate and the remaining principal distributed to the children, their wives, or their issue.

When decedent died on May 27, 1975, her estate was devoid of any assets. No will was probated and no letters of administration were issued. On March 8, 1976, appellant trustee received a notice of filing of appraisement which reflected the value of $65,650.75 in personal property in decedent's estate. Appellant's timely protest of the inclusion of certain assets in the appraisement was denied on the ground that decedent's inter vivos transfer of

property into trust with a retained life estate in the income was not supported by valuable and adequate consideration and was therefore subject to inheritance tax pursuant to section 224 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. II, 72 P.S. §2485-224. Section 224 provides:

"A transfer conforming to section 221(a), and under which the transferor expressly or impliedly reserves for his life or any period which does not in fact end before his death,

"(1) the possession or enjoyment of, or the right to the income from, the property transferred, or

"(2) the right, either alone or in conjunction with any person not having an adverse interest, to designate the persons who shall possess or enjoy the property transferred or the income therefrom, is subject to tax under this act."

Section 221 (a) provides: "(a) Consideration. All transfers of property, specified in sections 222-226, which are made during his lifetime by a resident or a non-resident, to the extent that they are made without valuable and adequate consideration in money or money's worth at the time of the transfer, are subject to tax under this act." Act of June 15, 1961, P.L. 373, art. II, 72 P.S. §2485-221(a).

Appellant maintains that decedent's receipt of a life estate in the income from that portion of principal conveyed to the trust by her children and their wives constituted full and adequate consideration for her transfer of property to the same trust, subject to a retained life estate in the income.

In addition, appellant contends that despite full disclosure by the trustee of all relevant facts and

assets, the Commonwealth did not base its appraisement upon "taxable transfers" but instead listed the amounts in question as "personal property" when in fact, as a result of the trust agreement, it was not an asset of decedent's estate. Appellant contends that this appraisement is binding upon the Commonwealth and that decedent's estate is therefore not liable for the payment of inheritance tax absent proof of its ownership of $65,650.75 in personal property.

With respect to appellant's first contention, the Commonwealth argues that decedent's transfer of property could not have been supported by consideration since she was virtually in the same position after her election to take against her husband's will and her subsequent transfer of property into the trust as she would have been initially had she taken as a devisee under the will. We disagree and are of the opinion that decedent's interest, for the purpose of determining the existence and adequacy of consideration in the case at hand, became fixed upon her election to take against her husband's will. Furthermore, we believe that her reason for exercising the right of election has no legal significance in the instant proceeding.

Since it is unquestionable that decedent transferred property within the meaning of section 102(22) of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. I, 72 P.S. §2485-102(22) while retaining a life estate in the income, the question becomes to what extent, if any, was the transfer made without valuable and adequate consideration in money or money's worth at the time of the transfer?

Although there is an apparent dearth of Pennsylvania cases on this particular point, it is obvious, as

the court stated in Kelly Estate, 8 Craw. 93, 46 D. & C. 2d 21 (1968), that section 221 was designed to *exclude* inter vivos transfers for which appropriate consideration was received for all or a portion of the transfer. We are satisfied that decedent's transfer of her remainder interest into trust was supported in part by valuable consideration, namely, a life estate in the income from the property transferred into the same trust by decedent's children and their spouses. Both decedent and her children had acquired complete and outright ownership in their respective shares of J. Harry Sheesley's estate as a result of decedent's election to take against his will. The fact that the settlors chose to contribute this property to the trust rather than other real or personal property does not prevent a finding of the existence of consideration in the present case.

At the time of its creation, the total value of trust assets equaled $127,318.19. These assets increased in value until they were worth $196,952.27 on the date of decedent's death. Although the Commonwealth has challenged the relevance of the following computations derived in accordance with the method prescribed by section 502 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. V, 72 P.S. §2485-502, it nonetheless agreed to their mathematical accuracy. From these figures it would appear that the value of decedent's remainder interest which she transferred into the trust equaled $35,713.18 at the time of the transfer. The value of decedent's life estate in the trust principal contributed by her children and their spouses equaled $13,452.44 at the time of the transfer. Therefore, the value of decedent's life interest in income in the trust principal contributed by those

other than herself was equal to 37.68 percent of the value of the property transferred by her into the trust minus the value of her retained life interest in income in that share. Application of this percentage to the value of the trust assets on the date of decedent's death results in the finding that $40,913.55 or 62.32 percent of decedent's transfer with a retained life interest in income is subject to inheritance tax.

Although decedent greatly outlived her life expectancy, we cannot accept the alternate means of valuation suggested by appellant and permitted by the court in Nourse v. Riddell, 143 F. Supp. 759 (S.D. Cal. 1956), in an analogous situation under federal estate tax law. In Nourse, the court permitted the actual amount of income received by the decedent during her lifetime from property transferred into trust by her children to be used in determining whether her transfer of property into the same trust was for adequate and full consideration. We agree with the reasoning found in United States v. Righter, 400 F. 2d 344 (8th Cir. 1968), wherein the court expressly rejected the method of valuation used in Nourse, supra, as a proper means of resolving the issue of adequacy of consideration at the time of a potentially taxable transfer.

Life expectancy tables were used by the court in Meluskey Estate, 455 Pa. 589, 317 A. 2d 609 (1974), in deciding the extent of inheritance tax liability. In that case, decedent transferred realty valued at $47,500 in return for the promise to pay an annuity actuarially valued at the time of transfer at $27,353.80. The Commonwealth assessed an inheritance tax deficiency based on the difference in value between the realty and annuity pursuant to sections 225 and 221 of the Inheritance and Estate

Tax Act of June 15, 1961, P.L. 373, art. II, 72 P.S. §§2485-225 and 2485-221. Although the Supreme Court ruled that the excess value of the real estate was not subject to inheritance tax for reasons not relevant to the instant case, the court did hold that the portion of realty equal to the actuarially determined value of the annuity was supported by full and adequate consideration.

Turning to appellant's second contention, we cannot agree that the Commonwealth is bound by its initial erroneous appraisement which indicated the existence of taxable personal property in decedent's estate and the nonexistence of any taxable transfers. Appellant filed a timely protest to the appraisement with the Department of Revenue pursuant to section 1001 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. X, 72 P.S. §2485-1001. In its protest, appellant specifically objected to the appraisement on the grounds that decedent owned no property at her death and that the transfer of property into trust was made for full and adequate consideration.

The Inheritance Tax Protest Board implicitly agreed with appellant's first objection and expressly rejected the second contention. Appellant exercised its right of appeal granted by section 1003 of the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, art. X, 72 P.S. §2485-1003. Section 1003 expressly empowers this court to proceed to a determination of the issues protested to the Department of Revenue. While it is true that an appraisement, absent appeal, is final on both the taxpayer and the Commonwealth: Darsie Estate, 354 Pa. 540 (1946); Heberton Estate, 351 Pa. 564, 41 A. 2d 654 (1945); see Beeson Estate, 459 Pa. 613, 331 A. 2d 161 (1975); Carver Estate, 422 Pa. 609,

222 A. 2d 882 (1966). Appellant has by its own actions raised the issue of the correctness of the Commonwealth's appraisement for decision by this court. It follows, therefore, that the Commonwealth is not bound by its initial appraisement.

Accordingly, we enter the following

### ORDER

And now, August 10, 1978, the appeal is sustained to the extent that the Commonwealth Inheritance Tax Division is directed to amend its appraisement in said estate in accordance with this opinion.